| | |
|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>IMAX CHICAGO THEATRE LLC d/b/a IMAX Navy Pier and d/b/a Navy Pier IMAX, a Delaware limited liability company,<br><br>    Defendant. | No. 13 C 7892<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Scott D.H. Redman ("Plaintiff"), individually and on behalf of all others similarly situated, filed a consumer class action complaint against IMAX Chicago Theatre LLC d/b/a IMAX Navy Pier and d/b/a Navy Pier IMAX, a Delaware limited liability company ("Defendant") alleging violations of the Fair and Accurate Credit Transaction Act of 2003 ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681c(g). Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendant's motion to dismiss is denied.

### I.     FACTUAL BACKGROUND

On October 31, 2013, Plaintiff made a purchase at Defendant's Navy Pier IMAX theatre in Chicago, Illinois with his MasterCard. Following the transaction, Plaintiff received from Defendant an electronically printed receipt on which was printed all sixteen digits of Plaintiff's MasterCard number. All but the last four digits had an "X" placed over it. Plaintiff alleges that Defendant used Devices for this and other point-of-sale transactions. Plaintiff further alleges that, as of October 31, 2013, Defendant was aware that it was prohibited from providing

to consumers sales receipts on which Defendant printed more than the last five (5) digits of consumers' credit or debit card numbers, both contractually and under FACTA compliance deadlines. Plaintiff alleges that Defendant was advised by MasterCard and other card associates of the need to truncate card numbers on electronically printed receipts prior to October 13, 2013. Plaintiff alleges that as of January 1, 2005, the Illinois Consumer Fraud and Deceptive Business Practices Act provided that "…no provider may print…any part of the credit card or debit card account number, other than the last 4 digits or other characters…." 815 ILCS 505/2NN. Plaintiff further alleges that on or after November 4, 2011, Defendant provided Plaintiff and Class members receipts that failed to comply with 15 U.S.C. § 1681c(g) and willfully violated the FCRA.

## II.     LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) does not test the merits of a claim; rather it tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a § 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. Notice pleading remains the standard under Rule 8, and heightened fact pleading is not required to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notice pleading requires that a complaint contain more than bare legal conclusions. To survive a § 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "A complaint should not be dismissed for failure to state [a] claim unless it appears beyond doubt that the plaintiff is

unable to prove any set of facts which would entitle the plaintiff to relief." *Twombly*, 550 U.S. at 546.

## III. DISCUSSION

A consumer who does not allege injury and seeks only statutory damages under the FACTA must show that the merchant's violation of FACTA was "willful." 15 U.S.C. § 1681n(a). Willfulness requires conduct that is either knowingly or recklessly in violation of FACTA, but not merely negligent. *Safeco Ins. Co. v. Burr*, 551 U.S. 47, at 59-60 (2007). In *Safeco*, the Supreme Court, applying an objective standard, stated that an action showed reckless disregard when "the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." 127 S.Ct. at 2215. Recklessness, then, is "something more than negligence but less than knowledge of the law's requirements." *Murray v. New Cingular Wireless Servs., Inc.*, 523 F.3d 719, 726 (7th Cir.2008)(citing *Safeco Ins. Co.*, 551 U.S. 47).

Plaintiff seeks only statutory damages and alleges the following facts in support of its claim that Defendant acted willfully when it violated FACTA: (1) Defendant had (at least) nearly 7 years to comply with FACTA's truncation requirements; (2) Defendant had nearly 9 years to comply with Illinois' prohibition on printing card numbers on receipts, a prohibition nearly identical to FACTA's prohibition; (3) Defendant knew it was prohibited from printing card numbers on receipts; (4) Visa, MasterCard, and others advised Defendant that it must truncate card numbers; and (5) Visa, MasterCard, and others contractually required Defendant to truncate card numbers.

Defendant improperly relies on *Huggins v. Spa-Clinic, LLC* and *Gardner v. Appleton Baseball Club, Inc.* in arguing that Plaintiff's allegations are conclusory and boilerplate. *Huggins*, 2010 WL 963924, *2 (N.D.Ill. Mar. 11, 2010); *Gardner*, 2010 WL 1368663, *5-6 (E.D. Wisc. Mar. 31, 2010). In *Huggins* and *Gardner*, the court dismissed plaintiffs' allegations

as conclusory after finding that plaintiffs failed to specify that the defendants themselves had actual notice or knowledge of FACTA's requirements. In contrast, Plaintiff has alleged that Navy Pier IMAX Theatre had direct knowledge that it was prohibited from printing full card numbers on receipts when it printed its receipts.

Defendant next argues that Plaintiff's allegations that Defendant was aware of the requirement still does not permit the inference that Defendant's conduct was anything more than negligent. Specifically, Defendant contends that the demarcation of an "X" over all but four of the printed digits establishes that it had attempted to comply with FACTA but made a careless mistake that, at most, amounts to negligence. Defendant argues that Plaintiff's boilerplate allegations that Navy Pier IMAX Theatre knew of FACTA's truncation requirements do not suggest that there was a "known or obvious risk" that Defendant's conduct (i.e. issuing the receipt with the letter "X" over all but four of the printed digits) failed to comply with those requirements. Defendant contends that, consequently, Plaintiff's allegations do not allow the court to draw the reasonable inference that Defendant either knowingly or recklessly violated the FACTA when it printed the protected information on Plaintiff's receipt.

Whether Defendant knew it was violating FACTA or made a reasonable mistake when it acted is a question of fact for a later stage of the proceedings. Plaintiff has sufficiently pled, pursuant to *Iqbal*, that Defendant knew what FACTA required and its actions in printing full card numbers was a willful violation of FACTA.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied.

ENTER:

*James B. Zagel*
United States District Judge

DATE: January 23, 2015