**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 7892 |
| v. | ) ) | Judge Zagel |
| IMAX CHICAGO THEATRE LLC d/b/a IMAX Navy Pier and d/b/a Navy Pier IMAX, a Delaware limited liability company, | ) ) ) ) | Magistrate Martin |
| Defendant. | ) ) ) | |

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

**IT IS HEREBY STIPULATED AND AGREED** by and between Scott D.H. Redman,

individually and on behalf of all others similarly situated; and IMAX Chicago Theatre LLC d/b/a

IMAX Navy Pier and d/b/a Navy Pier IMAX, as set forth below:

**INTRODUCTION**

This Settlement Agreement is made for the sole purpose of consummating settlement of

the Lawsuit (as this term and all other defined terms are defined in Section 1 below) on a class

basis. This Settlement Agreement is made in full compromise and release of all Released Claims

in the Lawsuit. Because the Lawsuit is being settled on class basis, this settlement must receive

preliminary and final approval by the Court pursuant to Rule 23 of the Federal Rules of Civil

Procedure. If the Final Approval Order does not become Final for any reason, this Settlement

Agreement shall be deemed null and void *ab initio*; it shall be of no force or effect whatsoever

(except for the restrictions on use provided in this paragraph and the provisions set forth in

paragraphs 2.5(H) and 2.9(D)); it shall not be referred to or utilized for any purpose whatsoever;

and the negotiation, terms and entry of this Settlement Agreement shall remain subject to the

1

Exhibit 1

provisions of Federal Rule of Evidence 408 and any applicable state law(s) governing the confidentiality and inadmissibility of settlement negotiations and offers to compromise legal claims.

**NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED** by and between the Class Representative (for himself and the Class Members) and Defendant, each with the assistance of his or its counsel, that, as between the Settling Parties, and all Class Members, the Lawsuit and the Released Claims shall be finally and fully compromised, settled and released, and the Lawsuit shall be dismissed with prejudice, as to each of the Settling Parties, upon and subject to the terms and conditions set forth herein.

## RECITALS

**WHEREAS**, the Lawsuit was commenced by Plaintiff, individually and on behalf of all others similarly situated, and is currently pending and unresolved between Plaintiff and Defendant;

**WHEREAS**, in the Lawsuit, Plaintiff alleges that Defendant violated the truncation requirements of the Fair and Accurate Credit Transactions Act ("FACTA"), specifically 15 U.S.C. § 1681c(g), by providing to Plaintiff and other consumers electronically-printed receipts that displayed more than the last five digits of those persons' respective credit or debit card numbers;

**WHEREAS**, in the Lawsuit, Plaintiff seeks statutory damages, attorneys' fees and costs;

**WHEREAS**, Defendant denies Plaintiff's claims, denies any liability to Plaintiff and the putative class and denies any wrongdoing of any kind relative to the allegations asserted in the Lawsuit and further denies that Plaintiff or any member of the putative class is entitled to statutory damages, attorneys' fees or costs;

**WHEREAS**, the Settling Parties agree that it is desirable that the Lawsuit and the claims alleged therein be settled upon the terms and conditions set forth herein to avoid further expense and uncertain, burdensome and potentially protracted litigation, and to resolve all claims that have been or could have been asserted by Plaintiff and the putative class;

**WHEREAS**, the Settling Parties have engaged in extensive arms-length settlement negotiations, and Class Counsel represent that they have otherwise conducted a thorough study and investigation of the law and the facts relating to the claims that have been or might have been asserted in the Lawsuit and have concluded, taking into account the benefits that Plaintiff and the

putative class members will receive as a result of this Settlement Agreement and the risks and delays of further litigation, that this Settlement Agreement is fair, reasonable and adequate and in the best interests of Plaintiff and the putative class members; and

**WHEREAS**, in consideration of the foregoing and other good and valuable consideration, it is hereby stipulated and agreed by and between the Settling Parties that the claims of Plaintiff and the putative class in the Lawsuit be and are hereby compromised and settled, subject to Court approval of this Settlement Agreement, upon the terms and conditions set forth below.

## <u>DEFINITIONS</u>

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

1.1     "<u>Action Deadline</u>" means the date 90 days after entry of a Preliminary Approval Order or as otherwise set by the Court.

1.2     "<u>Claim Form</u>" means the form attached hereto as **Exhibit A** (or as approved by the Court) or an equivalent online form.

1.3     "<u>Class Counsel</u>" means Paul F. Markoff and Karl G. Leinberger of Markoff Leinberger LLC.

1.4     "<u>Class Member</u>" means a person who is a member of the Settlement Class as identified in paragraph 2.1.

1.5     "<u>Class Notice</u>" means the notice to be approved by the Court as set forth in paragraph 2.5.

1.6     "<u>Class Period</u>" means November 4, 2011 through November 7, 2013.

1.7     "<u>Class Representative</u>" means Plaintiff.

1.8     "<u>Class Settlement Administrator</u>" means the firm approved by the Court, which is retained to issue notice to the Class Members and to administer the settlement, including receiving and processing claims and issuing settlement checks.

1.9     "<u>Court</u>" means the United States District Court for the Northern District of Illinois, Eastern Division.

1.10     "<u>Defendant</u>" means IMAX Chicago Theatre LLC d/b/a IMAX Navy Pier and d/b/a Navy Pier IMAX.

1.11     "<u>Defendant Releasees</u>" means Defendant and each of its current and former members, parents, subsidiaries, and affiliates (specifically including, without limitation, IMAX Theatre Holding (California I) Co., IMAX Theatre Holding (California II) Co., IMAX Theatre

Holding Co., IMAX U.S.A., Inc., and IMAX Corporation), and each of their respective officers, directors, managers, shareholders, employees, predecessors, successors, assigns, agents, insurers, co-insurers, re-insurers and attorneys.

1.12    "Effective Date" means the date on which the Final Approval Order becomes Final.

1.13    "Fairness Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering the Final Approval Order.

1.14    "Final" means the later of (i) the date the Final Approval Order is entered by the Court if no objection(s) is filed; or (ii) the date of expiration of the time for noticing a valid appeal from the Final Approval Order if an objection(s) is filed and an appeal is not noticed; or (iii) the date of final affirmation or dismissal of the last pending appeal if an appeal is noticed.

1.15    "Final Approval Order" means an order to be entered by the Court entitled "Final Approval Order and Judgment," substantially in the form attached hereto as **Exhibit G** (or as approved by the Court).

1.16    "Lawsuit" means the lawsuit currently pending in the Court as *Scott D.H. Redman v. IMAX Chicago Theatre LLC*, case no. 13 C 7892.

1.17    "Participating Claimant" means each Class Member who submits a Valid Claim Form.

1.18    "Plaintiff" means Scott D.H. Redman.

1.19    "Preliminary Approval Order" means an order to be entered by the Court, entitled "Preliminary Approval Order," substantially in the form attached hereto as **Exhibit F** (or as approved by the Court).

1.20    "Released Claims" means any and all claims or causes of action, whether known or unknown, asserted or unasserted, which Plaintiff or any Class Member has, may have or had against any of the Defendant Releasees (as defined herein) that arise from or relate to Defendant's alleged failure to truncate information printed on credit or debit card receipts issued by it to Class Members during the Class Period, as required under 15 U.S.C. § 1681c(g), including but not limited to the claims that were alleged in the Lawsuit or which could have been alleged in the Lawsuit.

1.21    "Settlement Agreement" means this Settlement Agreement and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the settlement between them and which is subject to Court approval.

1.22    "Settlement Class" means the conditional class that the Settling Parties have consented to for purposes of settlement only, as identified in paragraph 2.1.

4

1.23 "Settlement Fund" means the fund described in paragraph 2.2. Apart from funding the Settlement Fund (which is the obligation of Defendant alone), and except as specified in Paragraph 2.3(A)(2), neither the Defendant nor the Defendant Releasees shall have any monetary responsibility under the Settlement Agreement.

1.24 "Settlement Website" means the website described in Paragraph 2.9(A)(2).

1.25 "Settling Parties" means Plaintiff (on behalf of himself and the Settlement Class) and Defendant.

1.26 "Valid Claim Form" means a Claim Form that is (a) completed, (b) signed, and (c) submitted to the Class Settlement Administrator online or postmarked by the Action Deadline. Plaintiff and Defendant shall have the right to verify that each Claim Form submitted is valid. Either Party challenging any claim shall apprise the other Party of the challenge, and the Parties, through their respective counsel, shall meet and confer in good faith in an attempt to resolve any challenged claim. If the Parties are unable to resolve such a challenge, the Parties shall submit the challenge to the Court for resolution. The Settling Parties shall each bear their own respective costs associated with any such challenge.

## TERMS AND CONDITIONS

2.1 **The Settlement Class**. The Settling Parties stipulate to certification of the following class for settlement purposes only:

> All persons who, from November 4, 2011 through November 7, 2013, paid by credit or debit card for a movie ticket(s) or gift card(s) at the Navy Pier IMAX Theater ("Theater") box office in Chicago, Illinois or for a movie ticket(s) or gift card(s) online for pickup at the Theater box office in Chicago, Illinois and received a paper receipt at the Theater for the purchase.

> Specifically excluded from the Settlement Class are the following: (i) Defendant Releasees and their immediate family members; (ii) Class Counsel and their immediate family members; and (iii) the judges who have presided over the Lawsuit and their immediate family members.

2.2 **Settlement Fund.** Pursuant to Paragraph 2.3(A)(1), Defendant shall pay a total of at least $400,000 (the "Settlement Fund") to settle the Lawsuit. Pursuant to Paragraph 2.3(A)(2), Defendant may be required to pay an additional $55,000. In no event shall the Settlement Fund exceed $455,000.

2.3     **Funding / Disbursement.**

    A.     Funding.

        1.     Minimum Funding. Within 7 days after entry of a Preliminary Approval Order, Defendant shall pay by wire $50,000 to the Class Settlement Administrator. No later than 14 days prior to the Fairness Hearing, Defendant shall pay by wire $350,000 plus any additional amount due pursuant to paragraph 2.3(A)(2) to Drinker Biddle & Reath LLP's ("DBR") IOLTA Client Trust Account. Within seven (7) days after the Effective Date, DBR shall pay by wire to the Class Settlement Administrator the $350,000 plus any additional amount due pursuant to paragraph 2.3(A)(2) Defendant paid into the DBR IOLTA Client Trust Account pursuant to this sub-paragraph 2.3(A)(1).

        2.     Potential Additional Payment. Defendant shall not be obligated to pay more than $400,000 total to settle this case if the amount available for distribution to Participating Claimants after deductions identified in paragraphs 2.3(B)(1), (3) and (4) provides each Participating Claimant a recovery of at least $66. If the amount available for distribution to Participating Claimants after deductions identified in paragraphs 2.3(B)(1), (3) and (4) provides each Participating Claimant a recovery of less than $66, Defendant shall pay up to an additional $55,000 (for an aggregate maximum of $455,000) as necessary to provide each Participating Claimant $66; provided, however, that if Defendant pays the maximum additional $55,000, and enough claims have been submitted such that each Participating Claimant will not receive $66, payments to Participating Claimants will be reduced *pro rata* (per person). Defendant shall not be obligated to pay more than $455,000 to settle the Lawsuit.

    B.     Disbursement. The Class Settlement Administrator shall pay the amounts identified in paragraphs 2.3(B)(1)-(4) from the Settlement Fund as set forth in this paragraph and in paragraph 2.9.

        1.     Notice and Administration Costs. Reasonable and necessary costs of Class Notice (see paragraph 2.5) and Administration (see paragraph 2.9) shall be paid from the Settlement Fund at the time such expenses are incurred.

        2.     Class Recovery. Participating Claimants will receive a *pro rata* (share per person) distribution of any money remaining in the Settlement Fund after deducting from the Settlement Fund the amounts set forth in paragraphs 2.3(B)(1), (3) and (4).

        3.     Payment to Class Representative. Plaintiff shall be paid $5,000 from the Settlement Fund for his individual claim and as an incentive award for his services as Class Representative. This award is subject to Court approval.

4. <u>Payment to Class Counsel</u>. Class Counsel shall petition the Court for an award of attorneys' fees (up to 33% of the first $400,000 of the Settlement Fund) and costs, which awarded amount shall be paid from the Settlement Fund. This award is subject to Court approval.

2.4 **<u>Release</u>**.

A. <u>Release by Plaintiff and Class and Class Counsel</u>. Except for the obligations created by this Settlement Agreement, upon the Effective Date, Plaintiff, Class Counsel and each Class Member who has not excluded himself or herself from the Settlement Class remise, release and forever discharge Defendant Releasees for the Released Claims; provided further that, in exchange for the good and valuable consideration set forth herein, and as limited to the alleged facts, circumstances, and occurrences underlying the claims set forth in the Lawsuit or which could have been set forth in the Lawsuit, Plaintiff, on behalf of himself and the Class Members, waives any and all rights or benefits that he as an individual or the class may now have under the terms of Section 1542 of the California Civil Code, which provides as follows: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR or similar statutes in other states or jurisdictions; provided, however, that this release and waiver by Plaintiff, Class Counsel and each Class Member shall be effective only upon full and timely performance of Settling Parties' obligations under this Settlement Agreement.

B. <u>Release by Defendant</u>. Except for the obligations created by this Settlement Agreement, upon the Effective Date, Defendant releases and forever discharges Plaintiff and Class Counsel from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorneys' fees, costs and liabilities of any kind, whether known or unknown, arising from the investigation, filing or prosecution of the Lawsuit.

2.5 **<u>Class Notice</u>.**

A. <u>Direct Email Notice</u>. The Class Settlement Administrator shall cause Email Notice (**Exhibit B** hereto) to be sent, by electronic mail, to each Class Member for whom Defendant has an email address, no later than thirty (30) days after entry of a Preliminary Approval Order (<u>see</u> paragraph 2.7), which notice shall be sent to the Class Member's respective last known email address, as reflected in Defendant's records.

B. <u>Settlement Website</u>. The Class Settlement Administrator shall post Full Notice (**Exhibit C** hereto) on the Settlement Website for the duration of the Settlement Website's existence (<u>see</u> paragraph 2.9(A)(2)).

C. <u>Defendant's Website</u>. Defendant shall post, on the home page of its website (https://www.imax.com/oo/navy-pier-imax/) in the location identified by the circled area

in **Exhibit D** hereto (in the bottom half of the screen page) and at least the size of the picture within that circled area, a display box with the text "IMAX Navy Pier Credit/Debit Card Class Action Settlement Click Here," which shall link to the Settlement Website. The display box shall be established within twenty one (21) days after entry of a Preliminary Approval Order and be maintained through the Action Deadline.

       D.    <u>Defendant's Theater</u>.  Defendant shall, at its expense, post and maintain Posted Notice (**Exhibit E** hereto) conspicuously on the box office windows at the IMAX Navy Pier Theater.  The size of the Posted Notice shall be at least 8.5" x 11".  The Posted Notice shall be posted within twenty one (21) days after entry of a Preliminary Approval Order and be maintained through the Action Deadline.

       E.    <u>Online Publication</u>.  The Class Settlement Administrator shall design, with input from Class Counsel and Defendant's counsel, and execute an online publication plan, including use of online banner ads, social media and paid search.  The online publication plan shall be submitted to the Court for approval along with a Motion for Preliminary Approval.

       F.    <u>Class List</u>.  Within seven (7) days after entry of a Preliminary Approval Order, Defendant shall provide, at Defendant's expense, to the Class Settlement Administrator and Class Counsel (1) a list of Class Members for which Defendant could locate an email address through reasonable effort, which list shall include Class Member names and corresponding last known email address; and (2) a list of names of Class Members for which Defendant could identify through reasonable effort.  Both lists shall be in an electronic, searchable format, such as Microsoft Excel.

       G.    <u>CAFA Notice</u>.  Within ten (10) days after moving for a Preliminary Approval Order and at its expense, Defendant shall provide notice of this settlement to the appropriate government authorities pursuant to 28 U.S.C. § 1715(b).

       H.    <u>Costs</u>.  Except for posting a display box on its own website (2.5(C)), posting notice at its theater (2.5(D)), compiling and providing the class list (2.5(F)) and providing CAFA notice (2.5(G)), the costs of Class Notice shall be paid from the Settlement Fund as such costs are incurred and as directed by the Class Settlement Administrator, subject to the limitations set forth in paragraph 2.3(B)(1).  If this Settlement Agreement is terminated or if the Court does not approve this Settlement Agreement, Defendant shall bear the costs of Class Notice reasonably incurred to that date.

2.6    **Opt-Out/Exclusion/Right to Object**.

       A.    <u>Opt-Out/Exclusion</u>.  Any Class Member, except Plaintiff, may seek to be excluded from this Settlement Agreement and from the Settlement Class by (a) completing the appropriate form on the Settlement Website or (b) submitting a written request to Class Counsel or the Class Settlement Administrator.  In each case, the requester must provide his/her name, current address, date, signature (which may be electronic if on website) and a statement to the effect of "I want to be excluded from the *Redman v. IMAX* Settlement."

Exclusion requests must be submitted by the Action Deadline (post-marked by the Action Deadline if mailed). Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement and not be entitled to any of its benefits.

        B.    <u>Objection</u>. Any Class Member may comment in support of, or in opposition to, the Settlement at his/her own expense. Any Class Member, except Plaintiff, may object to the terms of this Settlement Agreement by filing a written objection with the Clerk of Court or via the Court's CM/ECF System by the Action Deadline (postmarked if mailed). Any Class Member who exercises his or her right to object to this Settlement Agreement will be responsible for his or her own attorneys' fees and costs. Objections shall include the caption for this case (*Redman v. IMAX Chicago Theatre LLC*, No. 13 C 7892 (N.D. Ill.)), and the objector's name, current address, date, signature, reasons for the objection, and whether the objector intends to appear at the Fairness Hearing (whether *pro se* or through counsel).

    2.7    **Preliminary Approval Order**. As soon as practicable after execution of this Settlement Agreement, the Settling Parties shall seek an order from the Court that:

        A.    preliminarily approves this Settlement Agreement;

        B.    conditionally certifies for purposes of settlement the Settlement Class as defined in paragraph 2.1;

        C.    schedules a hearing for final approval of this Settlement Agreement by the Court;

        D.    sets a briefing schedule for Class Counsel's petition for attorneys' fees and costs; and

        E.    approves the form and manner of notice to the Settlement Class as set forth in paragraph 2.5 and finds that such notice satisfies the requirements of due process pursuant to Federal Rules of Civil Procedure 23, the United States Constitution and any other applicable law and finds that no further notice to the Class is required.

The fact that the Court may require changes in the Preliminary Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

    2.8    **Final Approval Order**. At the conclusion of, or as soon as practicable after, the close of the Fairness Hearing, Plaintiff shall request that the Court enter a Final Approval Order approving the terms of this Settlement Agreement as fair, reasonable and adequate; providing for the implementation of its terms and provisions; finding that the notice given to the Class satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law; and dismissing the claims of Plaintiff and the Class with prejudice and without costs. The fact that the Court may require changes in the Final Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

2.9     **Administration**.

A.     Settlement Administration.    Defendant shall retain a third-party class settlement administrator ("Class Settlement Administrator") to provide Class Notice, process Claim Forms and exclusion requests and distribute the Settlement Fund.  The Class Settlement Administrator will work under the direction of Class Counsel and Defendant's Counsel, subject to the directions of the Court, in implementing the Class Notice program and administering the settlement.

1.     Phone.    The Class Settlement Administrator shall establish and maintain a toll-free number that allows Class Members to call and receive Claim Forms and be directed to Class Counsel with questions.  The toll-free number shall be established within twenty one (21) days after entry of a Preliminary Approval Order and be maintained until 120 days after the Effective Date.

2.     Website.    The Class Settlement Administrator shall establish and maintain a website, www.imaxchicagocardsettlement.com or as otherwise ordered or agreed ("Settlement Website"), on which the Class Settlement Administrator shall post class notice (see paragraph 2.5(B)).    The Settlement Website shall provide a mechanism for Class Members to submit claims electronically or download Claim Forms and it shall provide a toll-free number that Class Members can call to obtain Claim Forms or be directed to Class Counsel with questions.  The website shall also provide a mechanism for Class Members to exclude themselves from the Settlement Class.  The Settlement Website shall be established within twenty one (21) days after entry of a Preliminary Approval Order and be maintained until 120 days after the Effective Date.  Any material posted on the Settlement Website shall be mutually agreed to by the Parties and if there is a dispute which cannot be resolved it shall be presented to the Court for resolution.

B.     Eligibility.  If the Class Settlement Administrator receives an incomplete or otherwise improperly filled out Claim Form that is otherwise timely submitted or if the Class Settlement Administrator questions the validity of a claim, the Class Settlement Administrator shall contact the claimant and seek such information as is needed to correct the deficiency or verify the claim.  If the deficiency cannot be corrected or a claim cannot be verified by the Class Settlement Administrator, then Class Counsel and Defendant's attorneys shall jointly determine whether the claimant is eligible to receive any of the benefits described in paragraph 2.3(B), or if they cannot agree upon such a determination in good faith, then the Court shall determine whether the claimant is entitled to the relief requested.

Defendant shall use its best efforts in assisting to verify the validity of claims if requested by the Class Settlement Administrator and/or Class Counsel.

        C.     <u>Distribution of Settlement Fund</u>.

        1.     <u>Class</u>.  Within twenty one (21) days after the Effective Date, the Class Settlement Administrator shall send, by first-class mail, return service requested, to each Participating Claimant his/her *pro rata* (per person) share of the Settlement Fund; provided, however, that if payments to Participating Claimants exceed $600 each, a Participating Claimant must first submit a complete Form W-9 to the Class Settlement Administrator before receiving payment.  Payments shall be sent to each Participating Claimant at the address provided by each Participating Claimant on his/her Claim Form.  If any of the foregoing mailings are returned, and a possible new address is noted on the returned mailings, the Class Settlement Administrator shall resend the mailings to the newly-noted addresses within seven (7) days.  Checks to Participating Claimants shall be valid for ninety (90) days from the date of issuance.  If a Participating Claimant does not negotiate his/her check within those 90 days, he/she shall be deemed to have withdrawn his/her Claim.

        2.     <u>Plaintiff / Class Counsel</u>.  Within twenty one (21) days after the Effective Date, the Class Settlement Administrator shall make the payments to the Class Representative and Class Counsel, as identified in paragraph 2.3(B).

        3.     <u>Unclaimed Funds</u>.  Any money remaining in the Settlement Fund as of 150 days after the Effective Date (e.g., due to Participating Claimants not cashing checks) shall be distributed to Participating Claimants if practical or otherwise distributed as directed by the Court.

        D.     <u>Costs</u>.  Subject to the limitations set forth in paragraph 2.3(B)(1), reasonable costs of administration set forth in this paragraph 2.9 shall be paid from the Settlement Fund as they are incurred and as directed by the Class Settlement Administrator.  The Class Representative, Class Members and Class Counsel shall have no responsibility for any costs related thereto.  If this Settlement Agreement is terminated or if the Court does not approve this Settlement Agreement, Defendant shall bear the costs of administration reasonably incurred to that date.

        E.     <u>Updates</u>.  The Class Settlement Administrator shall periodically provide updates to Class Counsel and Defendant's counsel as to the number of claims submitted and exclusion/opt-out requests received.  The Class Settlement Administrator shall also provide such updates, together with copies of any exclusion/opt-out requests, as requested by the Settling Parties' respective counsel; the final list of all such opt exclusion/opt-out requests (the "Opt-Out List") shall be provided to the Settling Parties' respective counsel no later than fourteen (14) days following the Action Deadline.

        2.10   **Release of Attorney's Lien**.  In consideration of this Settlement Agreement, Class Counsel hereby waive, discharge and forever release Defendant from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with the Lawsuit; provided, however, that this release is conditioned upon full performance by Defendant of its obligations under this Settlement Agreement.  If Plaintiff is compelled to

prosecute any further proceedings to seek Defendant's compliance with this Settlement Agreement, and prevails in such proceedings, Plaintiff shall be entitled to reasonable attorneys' fees and costs related to such proceedings. If Defendant is compelled to prosecute any further proceedings to seek Plaintiff's or Class Counsel's compliance with this Settlement Agreement, and prevails in such proceedings, Defendant shall be entitled to reasonable attorneys' fees and costs related to such proceedings.

2.11 **No Admission of Liability**. Whether or not this Settlement Agreement is consummated, this Settlement Agreement and all proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession by Defendants of any liability or wrongdoing whatsoever, which liability or wrongdoing is expressly denied by Defendant.

2.12 **Best Efforts**. The Settling Parties and their respective counsel agree to cooperate fully with one another in seeking Court approval of this Settlement Agreement and to use their best efforts to effect the consummation of this Settlement Agreement.

2.13 **Notices**. Notices regarding this Settlement Agreement directed to Plaintiff and/or the Class shall be sent to:

> Paul F. Markoff
> Markoff Leinberger LLC
> 134 N LaSalle St Ste 1050
> Chicago, IL 60602
> Fax:    312.674.7272
> paul@markleinlaw.com

Notices to Defendant shall be sent to:

> Bradley J. Andreozzi
> Drinker Biddle & Reath LLP
> 191 N Wacker Dr Ste 3700
> Chicago IL 60606
> Fax:    312.569.3173
> bradley.andreozzi@dbr.com

The persons and addresses designated in this paragraph may be changed with written notice to the other signatories hereto.

2.14 **Counterparts**. This Settlement Agreement may be signed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, facsimiles or scanned copies of the signature pages of this Settlement Agreement may be treated as originals.

2.15  **Nullification**.  The Settling Parties have agreed to resolve the Lawsuit through this Settlement Agreement; however, to the extent this Settlement Agreement is deemed void or the Effective Date does not occur, the Settling Parties do not waive, but rather expressly reserve, all rights to present any claims and defenses.

2.16  **Binding Agreement**.  Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of the Settling Parties and each of their respective current and former heirs, executors, administrators, parents, subsidiaries, affiliates and controlled companies, and each of their members, officers, directors, managers, shareholders, partners, employees, predecessors, successors, assigns, agents, insurers, co-insurers, re-insurers and attorneys, all of whom/which persons and entities are intended to be beneficiaries of this Settlement Agreement.

2.17  **Governing Law**.  This Settlement Agreement shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of Illinois, and the rights and obligations of the Settling Parties to this Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal substantive laws of the State of Illinois without giving effect to Illinois choice of law principles.

2.18  **Retention of Jurisdiction / Enforcement**.  The Court shall retain non-exclusive jurisdiction to implement and to enforce the Final Approval Order, which shall expressly incorporate the terms of this Settlement Agreement.  All Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement and the Final Approval Order.  If any Settling Party is compelled to enforce this Settlement Agreement and/or seek compliance with the Final Approval Order through a court proceeding, the prevailing Settling Party shall be entitled to its reasonable attorneys' fees and costs related to such proceedings.

2.19  **Interpretation**.  The Settling Parties acknowledge that they have had an equal opportunity to participate in the drafting of this Settlement Agreement and that each Settling Party and its counsel reviewed and negotiated the terms and provisions of this Settlement Agreement and have contributed to its revisions.  Therefore, in any dispute over the construction or interpretation of this Settlement Agreement, the Settling Parties agree and understand that the Settlement Agreement shall be construed fairly as to all Settling Parties and shall not be construed against any Settling Party on the basis of authorship.  The Settling Parties further agree that in this Settlement Agreement the singular shall include the plural and vice versa where the content so requires.

2.20  **Entire Agreement**.  This Settlement Agreement constitutes the entire agreement of the Settling Parties hereto as to the matters raised herein.  The undersigned acknowledge that there are no communications or oral understandings contrary to, in addition to, or different from the terms of this Settlement Agreement and that all prior and contemporaneous agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon execution of this Settlement Agreement, superseded and merged into this Settlement Agreement and shall have no effect.  This Settlement Agreement may not be amended or modified in any

respect whatsoever, except by a writing duly executed by the Settling Parties or their respective counsel.

2.21 **Authority**. The persons signing this Settlement Agreement hereby represent and warrant that they have read this Settlement Agreement, that they know and understand its terms, that they have consulted with counsel with respect hereto, that they have signed this Settlement Agreement freely, and that they intend that they and/or any person or entity on whose behalf they are signing this Settlement Agreement will be fully bound by all the terms and provisions of this Settlement Agreement. Such persons further represent and warrant that they are competent to sign this Settlement Agreement and that, as necessary, all corporate or other legal formalities have been followed such that they have full authority to execute this Settlement Agreement on behalf of the person or entity for whom or for which they are signing this Settlement Agreement in a representative capacity.

2.22 **Headings**. The headings of the several sections and paragraphs hereof are for convenience only and do not define or limit the contents of such sections or paragraphs.

2.23 **Severability**. In case any one or more of the provisions contained in this Settlement Agreement shall be determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected and/or impaired thereby, unless that determination materially changes this Settlement Agreement.

2.24 **Termination Of The Agreement**.

A. <u>Self-Executing Termination</u>. If the Court does not approve this Settlement Agreement as set forth herein or as modified in a manner approved by the Parties, or if the Settlement does not receive final approval after review by any court of competent jurisdiction for any reason, or the Settlement Agreement is otherwise terminated in accordance with its terms, the Parties will be returned to their status immediately prior to execution of the Settlement Agreement as if this Settlement Agreement had never been made. Accordingly, upon any such termination for any reason, the Parties will be deemed to have preserved all their substantive or procedural rights or defenses with respect to the Lawsuit existing as of the date of the execution of this Settlement Agreement.

B. <u>Termination by Defendant</u>. Defendant shall have the right, at its sole discretion, to terminate this Settlement Agreement by providing written notice of its election to do so within ten (10) days after the Opt-Out List has been served on the Settling Parties by the Class Settlement Administrator pursuant to paragraph 2.9(E), if the number of requests for exclusion received from Class Members exceeds two thousand (2,000).

C. <u>Survival</u>. Paragraphs 2.11, 2.15, 2.17, and 2.24 shall survive any termination of this Settlement Agreement.

**IN WITNESS WHEREOF,** the Settling Parties hereto, have so agreed on the dates noted below.

**SCOTT D.H. REDMAN,**
Plaintiff and Class Representative,

By: _____

Scott D.H. Redman                        9 / 28 / 15
                                          Date

Approved as to form:

_____

Paul F. Markoff                          9 / 28 / 2015
Karl G. Leinberger                       Date
Markoff Leinberger LLC
134 N LaSalle St Ste 1050
Chicago IL 60602


**IMAX CHICAGO THEATRE LLC**
**d/b/a IMAX Navy Pier and**
**d/b/a Navy Pier IMAX,**
Defendant,

By: _____        ____/____/____

Its: _____


By: _____        ____/____/____

Its: _____

Approved as to form:

_____            ____/____/____
Bradley J. Andreozzi                        Date
Justin O. Kay
Drinker Biddle & Reath LLP
191 N Wacker Dr Ste 3700
Chicago IL 60606

15

**IN WITNESS WHEREOF**, the Settling Parties hereto, have so agreed on the dates noted below.

**SCOTT D.H. REDMAN,**
Plaintiff and Class Representative,

By: _____     _____/_____/_____
      Scott D.H. Redman                              Date

Approved as to form:

_____     _____/_____/_____
Paul F. Markoff                                        Date
Karl G. Leinberger
Markoff Leinberger LLC
134 N LaSalle St Ste 1050
Chicago IL 60602


**IMAX CHICAGO THEATRE LLC**
**d/b/a IMAX Navy Pier and**
**d/b/a Navy Pier IMAX,**
Defendant,

By: _____     9 / 28 / 15

Its: Vice President

By: _____     9 / 28 / 15

Its: Vice President - Finance

Approved as to form:

_____     10 / 5 / 15
Bradley J. Andreozzi                              Date
Justin O. Kay
Drinker Biddle & Reath LLP
191 N Wacker Dr Ste 3700
Chicago IL 60606

15

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) | |
| Plaintiff, | ) | No. 13 C 7892 |
| | ) | |
| v. | ) | Judge Zagel |
| | ) | |
| IMAX CHICAGO THEATRE LLC | ) | Magistrate Martin |
| d/b/a IMAX Navy Pier and d/b/a Navy Pier IMAX, | ) | |
| a Delaware limited liability company, | ) | |
| Defendant. | ) | |

## CLAIM FORM

**THIS CLAIM FORM MUST BE COMPLETED AND SUBMITTED (OR POST-MARKED, IF MAILED) TO THE CLASS SETTLEMENT ADMINISTRATOR BY [--------------].***

Class Settlement Administrator: -------------------------

-----------------------

     I affirm that, between November 4, 2011 and November 7, 2013, I paid by personal credit or debit card for a movie ticket or gift card at the Navy Pier IMAX Theater box office in Chicago, Illinois ("Theater") or for a movie ticket or gift card online for pickup at the Theater box office and received a paper receipt.

I want to receive my share of the Settlement Fund.

Signature: _____

Printed Name: _____

Address: _____

_____

Email Address: _____

Telephone No.: _____

Last 4 Digits of Card
Used in Transaction: _____

Card Type
(e.g., Visa, Mastercard): _____

*You may instead submit your claim online at www.imaxchicagocardsettlement.com.

Exhibit A

**To:**                                Class Members
**Subject:**                           Navy Pier IMAX Class Action Settlement


Please read the message below regarding a class action settlement of a lawsuit against IMAX Chicago Theatre LLC d/b/a Navy Pier IMAX Theater and d/b/a IMAX Navy Pier. It is time sensitive and may affect your legal rights. You can also go to www.imaxchicagocardsettlement.com to view the notice and submit a claim.

**[paste full notice here]**

Exhibit B

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

*Redman v. IMAX Chicago Theatre LLC, Case No. 13 C 7892*

**NOTICE OF CLASS ACTION SETTLEMENT**
**www.imaxchicagocardsettlement.com**

TO:     All persons who, from November 4, 2011 through November 7, 2013, paid by credit or debit card for a movie ticket(s) or gift card(s) at the Navy Pier IMAX Theater ("Theater") box office in Chicago, Illinois or for a movie ticket(s) or gift card(s) online for pickup at the Theater box office in Chicago, Illinois and received a paper receipt at the Theater for the purchase ("Settlement Class").

Excluded from the Settlement Class are certain affiliates of the Theater, the attorneys for the Plaintiff in this lawsuit and the judges presiding over this lawsuit and their respective immediate family members.

- If you meet the above definition, you may be eligible for a share of a $400,000 (or more) class action settlement.

- The settlement resolves a lawsuit regarding whether IMAX Chicago Theatre LLC d/b/a Navy Pier IMAX d/b/a IMAX Navy Pier ("Defendant") violated certain requirements imposed by the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681, *et seq.* ("FACTA"). This settlement avoids the future costs and risks associated with continuing litigation and entitles consumers like you the opportunity to submit a claim for a share ("Settlement Benefit") of a $400,000 (or more) settlement amount ("Settlement Fund").

- Your legal rights are affected whether you act or not. Read this notice carefully.

- This notice relates to a lawsuit against Defendant. **This is not a lawsuit against you.** You are not required to take any action, but you must submit a claim to receive any benefits from this settlement.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | | |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to get Settlement Benefit. | DEADLINE: **[prelim + 90 days]** |
| **EXCLUDE YOURSELF** | Receive no Settlement Benefit but retain your right to sue about the legal claims in this case. | DEADLINE: **[prelim + 90 days]** |
| **OBJECT** | Write to the Court about why you do not like the settlement. | DEADLINE: **[prelim + 90 days]** |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. | Date and Time: **[----------------]** |
| **DO NOTHING** | Receive no Settlement Benefit. Give up rights. | |

- These rights and options – and the deadlines to exercise them – are explained in this Notice.

- The court in charge of this case still has to decide whether to approve the settlement. Settlement Benefits will be distributed only if the court approves the settlement and after appeals, if any, are resolved. Please be patient.

**1.     What is this lawsuit about?**

Scott Redman ("Plaintiff"), on behalf of all members of the Class, has asserted that Defendant violated certain requirements imposed by FACTA. Specifically, Plaintiff claims that Defendant printed more than the last five (5) digits of consumers' credit or debit cards on receipts provided to Class Members, which violates FACTA. Plaintiff has not alleged any actual monetary damage. In the absence of actual monetary damages, in order for Plaintiff to prevail, Plaintiff would have to prove that Defendant willfully violated FACTA. Defendant denies the allegations and denies any liability or wrongdoing. Without any determination by the Court as to liability, the parties have entered into a Class Action Settlement Agreement and Release ("Settlement Agreement") in an effort to resolve this lawsuit without the need for a trial. For more information, you may contact Plaintiff's attorneys ("Class Counsel") at 312.726.4162.

**2.     What is a class action?**

In a class action, one or more people called Class Representatives (in this case Scott Redman) sue on behalf of a group of people who have similar claims. The people with similar claims are a class or class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

**3.     Why is there a settlement?**


Exhibit C

The court did not decide in favor of Plaintiff or Defendant. Plaintiff thinks he would have prevailed at a trial. Defendant thinks it would have prevailed at trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and his attorneys recommend the settlement to Class Members.

**4.      How do I know if I am part of the settlement?**

The court ruled that everyone who fits the following description is a Member of the Settlement Class:

> All persons who, from November 4, 2011 through November 7, 2013, paid by credit or debit card for a movie ticket(s) or gift card(s) at the Navy Pier IMAX Theater ("Theater") box office in Chicago, Illinois or for a movie ticket(s) or gift card(s) online for pickup at the Theater box office in Chicago, Illinois and received a paper receipt at the Theater for the purchase.

> Specifically excluded from the Settlement Class are the following: (i) Defendant Releasees and their immediate family members; (ii) Class Counsel and their immediate family members; and (iii) the judges who have presided over the Lawsuit and their immediate family members.

**5.      What does the settlement provide?**

Defendant will establish a Settlement Fund of at least $400,000. Under certain circumstances, the Settlement Fund could increase to as much as $455,000.

Class Members who submit valid claims will receive a *pro rata* (per person) share of the Settlement Fund after certain deductions. The following will be deducted from the Settlement Fund: (a) up to $5,000 paid to Plaintiff for his individual claim and his services as Class Representative; (b) up to 33% of the Settlement Fund ($132,000) to Class Counsel for attorneys' fees; (c) Class Counsel costs (undetermined at this time); and (d) costs for notifying Class Members of the settlement, administering the settlement and distributing Settlement Benefits (estimated to be approximately $51,000). The amount each claimant will receive depends on the number of valid claims received, and can vary from approximately $4.15-$212,000. If the amount paid for each claim exceeds $600, claimants will be required to submit IRS Form W-9 to receive payment.

**6.      How can I get a Settlement Benefit?**

You <u>must</u> submit a completed claim form by **[--------------]**. You can submit a claim online at www.imaxchicagocardsettlement.com **[live link for web and email address]** or you can submit a claim by mail. If you do not want to submit a claim online, you can download a claim form at www.imaxchicagocardsettlement.com to submit a claim by mail or you can call **[------------------]** to have a claim form mailed to you. In any case your claim form must be submitted (or postmarked, if mailed) by **[--------------------------]**.

**8.      When would I get my Settlement Benefit?**

The Court will hold a hearing on **----------------------------, 2015** at **----------**. at the U.S. District Court, 219 S. Dearborn St., Courtroom 1350, Chicago, IL 60604 (or such other date, time, and location as the Court orders), to decide whether to finally approve the settlement. You are welcome to attend to hearing but you do not have to attend. If the Court approves the settlement, somebody may appeal the decision, which could take more than a year to resolve. Please be patient. If the Court approves the settlement and nobody objects to the settlement, Settlement Benefits will be distributed within twenty one (21) days of the Court's approval.

**9.      What am I giving up to get Settlement Benefits and stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendant about the legal issues in *this lawsuit*. It also means that all of the Court's orders will apply to you and legally bind you, including a release of further liability against Defendant if the Court approves this settlement.

**10.     Can I exclude myself from the Class?**

Yes. If you do not want to be part of the settlement, you may exclude yourself by either (a) excluding yourself online at www.imaxchicagocardsettlement.com or (b) sending a letter to Class Counsel stating your intention to be excluded (opt out). Your election to opt out must contain the following information: your name, your current address, your signature (which may be electronic if on website), the date and a statement clearly stating words to the effect of "I want to be excluded from the *Redman v. IMAX* Settlement." Exclusions requests must be made (or post-marked, if mailed) no later than **---------------------**. If you choose to exclude yourself by mail, send your letter to

<div align="center">

Paul F. Markoff
Markoff Leinberger LLC
134 N LaSalle St Ste 1050
Chicago IL 60602

</div>

If you exclude yourself, you will not get any Settlement Benefits and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendant in the future.

**11.     How can I object to the settlement?**

You can object to the settlement if you do not like any part of it.  You must give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must submit a letter stating that you object to the *Redman v. IMAX* settlement and the reasons you object to the settlement.  Your letter must also include a reference to case number 13 C 7892, your name, current address, telephone number, date and signature.  You must file your letter with the Clerk of the District Court, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604 by ---------------------:

If you want to object you should also submit a claim.  If you do not submit a claim, your objection may be disregarded pursuant to *Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 957 (7th Cir. 2013), in which the court dismissed a class member's appeal because, while he objected to amount of attorneys' fees awarded in the class settlement, he did not also submit a claim.  Therefore, the court reasoned, without having submitted a claim, he would not have received anything in the settlement regardless of whether his objection successfully reduced the attorneys' fee award, so he lacked any interest in the outcome.

**12.     What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the settlement and that it should not be approved.  You can object only if you stay in the Class and submit a claim.  Even if the Court rejects your objection, you cannot thereafter exclude yourself from the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

**13.     Do I have a lawyer in this case?**

The Court appointed lawyers to represent you and other Class Members.  These lawyers are called Class Counsel.  You will not be charged separately by these lawyers.  They will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.  Class Counsel are:

> Paul F. Markoff
> Karl G. Leinberger
> *Markoff Leinberger LLC*

**14.     When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing (a "Fairness Hearing") to decide whether to finally approve the settlement.  The Fairness Hearing will be held on -------------------- at --------------- at the U.S. District Court, 219 S. Dearborn St., Courtroom 1403, Chicago, IL 60604 or such other date, time, and location as the Court orders.  At the Fairness Hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  If there are objections or requests to be heard, the Court will consider them at the hearing.  You are welcome to attend the hearing but you do not have to attend.  Any changes to the date, time, and location of the Fairness Hearing will be posted on the court's docket and on the settlement website, so please check the settlement website for updates.

**15.     Do I have to attend the Fairness Hearing?**

No.  Class Counsel will answer questions the Court may have, but you may attend.  If you send an objection, you do not have to go to court to talk about it.  As long as you submitted your written objection on time, the Court will consider it.  You may also have your own lawyer attend, but it is not necessary to hire a lawyer.  You may ask the Court for permission to speak at the Fairness Hearing by sending a letter saying that it is your "Notice of Intention to Appear in *Redman v. IMAX*."  Your letter must also include a reference to case number 13 C 7892, your name, current address, telephone number and signature.  You must file your letter with the Clerk of the District Court, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604 by -----------------.  You cannot speak at the Fairness Hearing if you exclude yourself from the Class.

**16.     What happens if I do nothing at all?**

If you do nothing, and the Court approves the settlement, you will not get any Settlement Benefit but you will still be bound by the settlement and you will not be able to sue Defendant on the claims raised in the lawsuit.  If you want a Settlement Benefit, you must submit a claim form by the deadline.

**17.     How do I get more information?**

You may seek the advice and guidance of your own attorney, at your own expense, if you desire; you may review the pleadings, records and other papers on file in this lawsuit, which may be inspected during regular business hours at the U.S. District Court, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604; or you may contact Class Counsel at 312.726.4162.

## DO NOT CALL THE COURT WITH QUESTIONS

**18.     What if I move?**

If you move between now and when you receive a Settlement Benefit, please update your contact information with the Class Settlement Administrator (see below).

## Class Settlement Administrator

MOVIES & SHOWTIMES — THEATRE INFO — NAVY PIER IMAX THEATRE — GROUPS & FIELD TRIPS — ABOUT IMAX

65K Like | 2K Follow | 3 Pin it

## NAVY PIER IMAX

600 E. Grand Ave.
Chicago , IL 60611
+1 312 595 5629

For general theatre inquires, customer comments or suggestions regarding the theatre, email npadmin@imax.com

For web ticketing problems, email support@easytixs.com

BUY TICKETS
GET DIRECTIONS

## GET THE NEWSLETTER

NAME

E-MAIL

## TOMORROWLAND IMAX FEATURETTE

Watch Now

Director Brad Bird and star Britt Robertson tell us why Tomorrowland begs to be seen in IMAX!

## IMAX EDUCATORS CONNECTION

## IMAX ON THE RED CARPET

Watch Now

IMAX was in on carpet!

## PLAN YOU

PLEASE RATE IMAX WEBSITE:

ADD YOUR COMMENT:



Navy Pier IMAX

☐ Terms & Conditions   › SUBMIT





3000 Characters left

› SUBMIT

**Join Today**

The IMAX Educator Connection is an exclusive membership for educators only. Benefits include advance information on upcoming films or special events and personal invitations to educator film screenings.

**Click Here for Details**

Create a memorable birthday for your child and their friends. Special birthday packages are available.



**OUR PARTNERS**

         

IMAX theatres provide an enhanced movie going experience perfect for field trips or a fun night out of the house. IMAX movies can be enjoyed at any number of IMAX theatre locations across the globe. To date, nearly 1 billion people have enjoyed the IMAX Impact at IMAX theatres around the world. Here at imax.com you can find local IMAX theatres. Learn about our unique 3D movie experience or check out the latest movies.

IMAX®, The IMAX Experience® and IMAX Is Believing® are trademarks of IMAX Corporation.
© 2015 IMAX Corporation.

Exhibit D

# <u>NOTICE OF CLASS ACTION SETTLEMENT</u>

If you bought or picked up a ticket(s) or gift card(s) at the box office of this theater using a credit or debit card between November 4, 2011 and November 7, 2013, you may be entitled to compensation.

Visit  www.imaxchicagocardettlement.com  or call ---------------- to find out more.

Specifically, the settlement of this lawsuit includes the following:

>All persons who, from November 4, 2011 through November 7, 2013, paid by credit or debit card for a movie ticket(s) or gift card(s) at the Navy Pier IMAX Theater ("Theater") box office in Chicago, Illinois or for a movie ticket(s) or gift cards online for pickup at the Theater box office in Chicago, Illinois and received a paper receipt at the Theater for the purchase.

Not included are IMAX, its employees and family members; Plaintiff's attorneys and their family members and judges in the case and their family members.

www.imaxchicagocardsettlement.com

Exhibit E

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 7892 |
| v. | ) ) | Judge Zagel |
| IMAX CHICAGO THEATRE LLC d/b/a IMAX Navy Pier and d/b/a Navy Pier IMAX, a Delaware limited liability company, | ) ) ) ) | Magistrate Martin |
| Defendant. | ) ) | |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the joint request of Plaintiff and Defendant for preliminary approval of a Class Action Settlement Agreement and Release, and having considered the papers submitted to the Court and proceedings to date, **THE COURT FINDS AS FOLLOWS**:

1.      The Settling Parties have reached an agreement to settle all claims in the Lawsuit;

2.      For purposes of settlement only, the Court preliminarily concludes that the Settlement Agreement meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure: (a) the Settlement Class is ascertainable and sufficiently numerous such that joinder of all members of the Settlement Class is impracticable; (b) there exist common questions of law and fact, including whether Defendant's allegedly printing of more than the last five (5) digits of credit and debit card numbers on consumer copies of electronically-printed receipts constitutes a violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681, *et seq*.; (c) the claim of Plaintiff Scott D.H. Redman is  typical of the Class Members' claims; (d) Plaintiff Scott D.H. Redman is an appropriate and adequate representative for the Settlement Class and his attorneys, Paul F. Markoff and Karl G. Leinberger, are adequate and qualified to serve as Class Counsel; (e)



common questions of law and fact predominate over any questions affecting only individual Class Members; and (f) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members;

3.      The proposed settlement is within the range of fairness and reasonableness and meets the requirements for preliminary approval;

4.      The proposed settlement was negotiated at arm's length by experienced attorneys familiar with the legal and factual issues in this case; and,

5.      The notice to the Settlement Class proposed in the Settlement Agreement is the best practicable notice under the circumstances, is the only notice to the Class Members that is required and such notice satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B).

**THEREFORE, IT IS HEREBY ORDERED:**

A.      That all defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement and Release executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

B.      That, pursuant to Fed. R. Civ. P. 23 and for settlement purposes only, the Settlement Agreement is preliminarily approved;

C.      That the following Settlement Class is certified for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons who, from November 4, 2011 through November 7, 2013, paid by credit or debit card for a movie ticket(s) or gift card(s) at the Navy Pier IMAX Theater ("Theater") box office in Chicago, Illinois or for a movie ticket(s) or gift card(s) online for pickup at the Theater box office in Chicago, Illinois and received a paper receipt at the Theater for the purchase.
>
> Specifically excluded from the Settlement Class are the following: (i) Defendant Releasees and their immediate family members; (ii) Class Counsel and their immediate family members; and (iii) the judges who have presided over the Lawsuit and their immediate family members;

D.     That for settlement purposes only, Paul F. Markoff and Karl G. Leinberger are hereby appointed as Class Counsel;

E.     That Class Notice be implemented pursuant to the terms of the Settlement Agreement, and Class Counsel shall submit, at least five (5) business days prior to the Fairness Hearing, an affidavit affirming that notice has been so given;

F.     That Class Members shall submit claims, opt out or comment in support of or in opposition to the proposed Settlement Agreement in the manner specified in the Settlement Agreement:

1.     To submit a claim, a Class Member must (a) complete the Claim Form on the Settlement Website or (b) mail a completed Claim Form to the Class Settlement Administrator. Such Claim Forms must be submitted on the Settlement Website or post-marked (if mailed) by ninety (90) days from today's date **[insert date]**. Any Class Member who submits a Claim Form shall be bound by the terms of this Settlement Agreement.

2.     To opt out or exclude oneself from the settlement, a Class Member must (a) complete the appropriate form on the Settlement Website or (b) submit a written request to Class Counsel or the Class Settlement Administrator. In each case, the requester must provide his/her name, current address, date, signature (which may be electronic if on the Settlement Website) and a statement to the effect of "I want to be excluded from the *Redman v. IMAX Settlement*." Such requests must be submitted on the Settlement Website or post-marked (if mailed) by ninety (90) days from today's date **[insert date]**. Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement and not be entitled to any of its benefits.

3.     To object, a Class Member must **[submit a claim and] or [remove]** file with the Court a written objection that sets forth the caption for this case (*Redman v. IMAX Chicago Theatre*

3

*LLC*, No. 13 C 7892 (N.D. Ill.)) and states the objector's name, current address, date, signature and reasons for the objection. Any objections must be filed with the Clerk of Court or via the Court's CM/ECF System by ninety (90) days from today's date **[insert date]**. Any Class Member who exercises his or her right to object to this Settlement Agreement will be responsible for his or her own attorneys' fees and costs. **[ALTERNATIVE: To object to the amount of the Settlement Fund or to payments of attorneys' fees, costs or incentive awards from the Settlement Fund, a Class Member must submit a claim because otherwise he or she will not have a right to share in the Settlement Fund and will not be affected by the size of the Settlement Fund or the payments made from the Settlement Fund.**

        4. Any Settlement Class Member who desires to speak at the Fairness Hearing must first file a notice of intent to appear, as set forth in the Class Notice.

        G.    Class Counsel and Defendant's counsel shall have until five (5) business days prior to the Fairness Hearing to respond to objections, if any;

        H.    That Class Counsel shall file an initial petition for attorneys' fees and costs within twenty-one (21) days from today, and if Defendant contests Class Counsel's fee and cost petition, it shall make the disclosures identified in L.R. 54.3 (to the extent such disclosures were made in Class Counsel's Fee Petition) and respond to the petition within forty-nine (49) days from today, and Class Counsel shall thereafter have fourteen (14) days to reply;

        I.    That a Fairness Hearing on the fairness and reasonableness of the proposed Settlement Agreement shall be held before this Court on _____ at _____ a.m./p.m, or such later date and time as the Court may set. The date of the Fairness Hearing may be changed without further notice to the Settlement Class except by notification on the Court's ECF system and posting on the settlement website;

J.      **[Insert name]** is appointed Class Settlement Administrator.

K.      The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement and this Order, are not and shall not in any event be construed, deemed, used, offered or received as evidence of an admission, concession, or evidence of any kind by any Person or entity with respect to: (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in this matter or in any other civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiff. Notwithstanding, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

L.      The certification of the Settlement Class shall be binding only with respect to the Settlement of this matter.  In the event that the Settlement Agreement fails to become effective, is overturned on appeal, or does not become final for any reason, the Parties shall be restored to their respective positions in the Action as of the date of the signing of the Agreement, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED.**

_____

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 7892 |
| v. | ) ) | Judge Zagel |
| IMAX CHICAGO THEATRE LLC d/b/a IMAX Navy Pier and d/b/a Navy Pier IMAX, a Delaware limited liability company, | ) ) ) ) | Magistrate Martin |
| Defendant. | ) ) | |

## [PROPOSED] FINAL APPROVAL ORDER & JUDGMENT

This matter coming before the Court on the joint request of Plaintiff, the Class Members and Defendant for final approval of the Class Action Settlement Agreement and Release ("Settlement Agreement"), which this Court preliminarily approved on [x], and having considered the papers submitted to the Court and proceedings to date, **THE COURT FINDS AS FOLLOWS**:

1.     This Court has jurisdiction over the subject matter of the Lawsuit, the Class Representative, the Class Members and Defendant;

2.     Class Notice was provided as set forth in the Settlement Agreement pursuant to the Preliminary Approval Order;

3.     The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

4.     _____ persons opted out of the Settlement Agreement;

Exhibit G

5.        _____ Class Members objected to the Settlement Agreement;

6.        The Settlement Agreement is fair, reasonable and adequate;

7.        The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes, in that:

        (a)        there are thousands of members of the Settlement Class;

        (b)        there are questions of fact and law that are common to all members of the Settlement Class;

        (c)        the claim of the Class Representative is typical of those of the other Class Members; and

        (d)        the Class Representative has fairly and adequately protected the interests of the Settlement Class, and has retained counsel experienced in complex class action litigation who have and will continue to represent the class adequately;

8.        This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because:

        (a)        a settlement class is superior to other available methods for the fair and efficient adjudication of this controversy; and

        (b)        questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only individual members; and

9.        Notice of the settlement has been given to the appropriate state and federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

**THEREFORE, IT IS HEREBY ORDERED:**

A.        That all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

B.        That the Settlement Agreement is finally approved and the Settling Parties shall implement it pursuant to its terms, which are expressly incorporated herein by reference;

C.        That, pursuant to Fed. R. Civ. P. 23(b)(3) and the Court's findings in the

Preliminary Approval Order, the Court hereby finally certifies, for settlement purposes, the following Settlement Class:

> All persons who, from November 4, 2011 through November 7, 2013, paid by credit or debit card for a movie ticket(s) or gift card(s) at the Navy Pier IMAX Theater ("Theater") box office in Chicago, Illinois or for a movie ticket(s) or gift card(s) online for pickup at the Theater box office in Chicago, Illinois and received a paper receipt at the Theater for the purchase.

> Specifically excluded from the Settlement Class are the following: (i) Defendant Releasees and their immediate family members; (ii) Class Counsel and their immediate family members; and (iii) the judges who have presided over the Lawsuit and their immediate family members;

D.      That, pursuant to Fed. R. Civ. P. 23(b)(4) and 23(g), Scott D.H. Redman is appointed as Class Representative, and Paul F. Markoff and Karl G. Leinberger of Markoff Leinberger LLC are appointed as Class Counsel;

E.      That Class Counsel are awarded $----------- in attorneys' fees, which this Court finds to be reasonable;

F.      That Class Counsel are awarded $------- in costs, which this Court finds to be reasonable;

G.      That Plaintiff is awarded $--------- for his individual claim and as an incentive award for his service on behalf of the Settlement Class;

H.      That, except as to any person who has timely and effectively requested exclusion from the Settlement Agreement, the Court hereby dismisses the Lawsuit with prejudice and without costs in accordance with the terms of the Settlement Agreement;

I.      That by operation of this Final Approval Order & Judgment, except for the obligations created by the Settlement Agreement, upon the Effective Date, Plaintiff, Class Counsel and each Class Member who has not excluded himself or herself from the Settlement Class remise,

release and forever discharge Defendant Releasees for the Released Claims; provided further that, in exchange for the good and valuable consideration set forth in the Settlement Agreement, and as limited to the alleged facts, circumstances, and occurrences underlying the claims set forth in the Lawsuit or which could have been set forth in the Lawsuit, Plaintiff, on behalf of himself and the Class Members, waives any and all rights or benefits that he as an individual or the class may now have under the terms of Section 1542 of the California Civil Code, which provides as follows: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR or similar statutes in other states or jurisdictions; provided, however, that this release and waiver by Plaintiff, Class Counsel and each Class Member shall be effective only upon full and timely performance of Settling Parties' obligations under the Settlement Agreement; and, except for the obligations created by the Settlement Agreement, upon the Effective Date, Defendant releases and forever discharges Plaintiff and Class Counsel from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorneys' fees, costs and liabilities of any kind, whether known or unknown, arising from the investigation, filing or prosecution of the Lawsuit.

      a. As used in this Order, the "Defendant Releasees" are Defendant and each of its current and former members, parents, subsidiaries, and affiliates (specifically including, without limitation, IMAX Theatre Holding (California I) Co., IMAX Theatre Holding (California II) Co., IMAX Theatre Holding Co., IMAX U.S.A., Inc., and IMAX Corporation), and each of their respective officers, directors, managers, shareholders, employees, predecessors, successors,

assigns, agents, insurers, co-insurers, re-insurers and attorneys;

      b. As used in this Order, the "Released Claims" are any and all claims or causes of action, whether known or unknown, asserted or unasserted, which Plaintiff or any Class Member has, may have or had against any of the Defendant Releasees that arise from or relate to Defendant's alleged failure to truncate or expunge information printed on credit or debit card receipts issued by it to Class Members during the Class Period, as required under 15 U.S.C. § 1681c(g), including but not limited to the claims that were alleged in the Lawsuit or which could have been alleged in the Lawsuit;

    J. That this Settlement Agreement and all proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession by Defendants of any liability or wrongdoing whatsoever, which liability or wrongdoing is expressly denied by Defendant;

    K. That this Court bars and permanently enjoins all Class Members, except any person who timely and effectively requested exclusion from the Settlement Agreement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant and all Defendant Releasees for liability based upon the Released Claims;

    L. That without further order of this Court, the parties may agree to reasonable extensions of time to carry out the provisions of the Settlement Agreement; and,

    M. That the Clerk is directed to enter Judgment.


**IT IS SO ORDERED**


                           _____