**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

*Redman v. IMAX Chicago Theatre LLC, Case No. 13 C 7892*

**NOTICE OF CLASS ACTION SETTLEMENT**

www.imaxchicagocardsettlement.com

TO: All persons who, from November 4, 2011 through November 7, 2013, paid by credit or debit card for a movie ticket(s) or gift card(s) at the Navy Pier IMAX Theater ("Theater") box office in Chicago, Illinois or for a movie ticket(s) or gift card(s) online for pickup at the Theater box office in Chicago, Illinois and received a paper receipt at the Theater for the purchase ("Settlement Class").

Excluded from the Settlement Class are certain affiliates of the Theater, the attorneys for the Plaintiff in this lawsuit and the judges presiding over this lawsuit and their respective immediate family members.

- If you meet the above definition, you may be eligible for a share of a $400,000 (or more) class action settlement.

- The settlement resolves a lawsuit regarding whether IMAX Chicago Theatre LLC d/b/a Navy Pier IMAX d/b/a IMAX Navy Pier ("Defendant") violated certain requirements imposed by the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681, *et seq.* ("FACTA"). This settlement avoids the future costs and risks associated with continuing litigation and entitles consumers like you the opportunity to submit a claim for a share ("Settlement Benefit") of a $400,000 (or more) settlement amount ("Settlement Fund").

- Your legal rights are affected whether you act or not. Read this notice carefully.

- This notice relates to a lawsuit against Defendant. **This is not a lawsuit against you.** You are not required to take any action, but you must submit a claim to receive any benefits from this settlement.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | | |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to get Settlement Benefit. | DEADLINE: **[prelim + 90 days]** |
| **EXCLUDE YOURSELF** | Receive no Settlement Benefit but retain your right to sue about the legal claims in this case. | DEADLINE: **[prelim + 90 days]** |
| **OBJECT** | Write to the Court about why you do not like the settlement. | DEADLINE: **[prelim + 90 days]** |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. | Date and Time: **[----------------]** |
| **DO NOTHING** | Receive no Settlement Benefit. Give up rights. | |

- These rights and options – and the deadlines to exercise them – are explained in this Notice.

- The court in charge of this case still has to decide whether to approve the settlement. Settlement Benefits will be distributed only if the court approves the settlement and after appeals, if any, are resolved. Please be patient.

1.  **What is this lawsuit about?**

Scott Redman ("Plaintiff"), on behalf of all members of the Class, has asserted that Defendant violated certain requirements imposed by FACTA. Specifically, Plaintiff claims that Defendant printed more than the last five (5) digits of consumers' credit or debit cards on receipts provided to Class Members, which violates FACTA. Plaintiff has not alleged any actual monetary damage. In the absence of actual monetary damages, in order for Plaintiff to prevail, Plaintiff would have to prove that Defendant willfully violated FACTA. Defendant denies the allegations and denies any liability or wrongdoing. Without any determination by the Court as to liability, the parties have entered into a Class Action Settlement Agreement and Release ("Settlement Agreement") in an effort to resolve this lawsuit without the need for a trial. For more information, you may contact Plaintiff's attorneys ("Class Counsel") at 312.726.4162.

2.  **What is a class action?**

In a class action, one or more people called Class Representatives (in this case Scott Redman) sue on behalf of a group of people who have similar claims. The people with similar claims are a class or class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

3.  **Why is there a settlement?**

Exhibit 3

The court did not decide in favor of Plaintiff or Defendant. Plaintiff thinks he would have prevailed at a trial. Defendant thinks it would have prevailed at trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and his attorneys recommend the settlement to Class Members.

4. **How do I know if I am part of the settlement?**

The court ruled that everyone who fits the following description is a Member of the Settlement Class:

> All persons who, from November 4, 2011 through November 7, 2013, paid by credit or debit card for a movie ticket(s) or gift card(s) at the Navy Pier IMAX Theater ("Theater") box office in Chicago, Illinois or for a movie ticket(s) or gift card(s) online for pickup at the Theater box office in Chicago, Illinois and received a paper receipt at the Theater for the purchase.
>
> Specifically excluded from the Settlement Class are the following: (i) Defendant Releasees and their immediate family members; (ii) Class Counsel and their immediate family members; and (iii) the judges who have presided over the Lawsuit and their immediate family members.

5. **What does the settlement provide?**

Defendant will establish a Settlement Fund of at least $400,000. Under certain circumstances, the Settlement Fund could increase to as much as $455,000.

Class Members who submit valid claims will receive a *pro rata* (per person) share of the Settlement Fund after certain deductions. The following will be deducted from the Settlement Fund: (a) up to $5,000 paid to Plaintiff for his individual claim and his services as Class Representative; (b) up to 33% of the Settlement Fund ($132,000) to Class Counsel for attorneys' fees; (c) Class Counsel costs (undetermined at this time); and (d) costs for notifying Class Members of the settlement, administering the settlement and distributing Settlement Benefits (estimated to be approximately $35,000). The amount each claimant will receive depends on the number of valid claims received, and can vary from approximately $6.72-$227,000. If the amount paid for each claim exceeds $600, claimants will be required to submit IRS Form W-9 to receive payment.

6. **How can I get a Settlement Benefit?**

You must submit a completed claim form by **[--------------]**. You can submit a claim online at www.imaxchicagocardsettlement.com **[live link for web and email notice]** or you can submit a claim by mail. If you do not want to submit a claim online, you can download a claim form at www.imaxchicagocardsettlement.com to submit a claim by mail or you can call **[------------------]** to have a claim form mailed to you. In any case your claim form must be submitted (or postmarked, if mailed) by **[--------------------------]**.

8. **When would I get my Settlement Benefit?**

The Court will hold a hearing on **----------------------------, 2015** at **---------**. at the U.S. District Court, 219 S. Dearborn St., Courtroom 1350, Chicago, IL 60604 (or such other date, time, and location as the Court orders), to decide whether to finally approve the settlement. You are welcome to attend to hearing but you do not have to attend. If the Court approves the settlement, somebody may appeal the decision, which could take more than a year to resolve. Please be patient. If the Court approves the settlement and nobody objects to the settlement, Settlement Benefits will be distributed within twenty one (21) days of the Court's approval.

9. **What am I giving up to get Settlement Benefits and stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendant about the legal issues in *this lawsuit*. It also means that all of the Court's orders will apply to you and legally bind you, including a release of further liability against Defendant if the Court approves this settlement.

10. **Can I exclude myself from the Class?**

Yes. If you do not want to be part of the settlement, you may exclude yourself by either (a) excluding yourself online at www.imaxchicagocardsettlement.com or (b) sending a letter to Class Counsel stating your intention to be excluded (opt out). Your election to opt out must contain the following information: your name, your current address, your signature (which may be electronic if on website), the date and a statement clearly stating words to the effect of "I want to be excluded from the *Redman v. IMAX* Settlement." Exclusions requests must be made (or post-marked, if mailed) no later than **----------------------**. If you choose to exclude yourself by mail, send your letter to

Paul F. Markoff
Markoff Leinberger LLC
134 N LaSalle St Ste 1050
Chicago IL 60602

If you exclude yourself, you will not get any Settlement Benefits and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendant in the future.

**11. How can I object to the settlement?**

You can object to the settlement if you do not like any part of it. You must give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must submit a letter stating that you object to the *Redman v. IMAX* settlement and the reasons you object to the settlement. Your letter must also include a reference to case number 13 C 7892, your name, current address, telephone number, date and signature. You must <u>file</u> your letter with the Clerk of the District Court, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604 by _____:

If you want to object you should also submit a claim. If you do not submit a claim, your objection may be disregarded pursuant to *Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 957 (7th Cir. 2013), in which the court dismissed a class member's appeal because, while he objected to amount of attorneys' fees awarded in the class settlement, he did not also submit a claim. Therefore, the court reasoned, without having submitted a claim, he would not have received anything in the settlement regardless of whether his objection successfully reduced the attorneys' fee award, so he lacked any interest in the outcome.

**12. What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the settlement and that it should not be approved. You can object only if you stay in the Class and submit a claim. Even if the Court rejects your objection, you cannot thereafter exclude yourself from the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**13. Do I have a lawyer in this case?**

The Court appointed lawyers to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged separately by these lawyers. They will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense. Class Counsel are:

> Paul F. Markoff
> Karl G. Leinberger
> *Markoff Leinberger LLC*

**14. When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing (a "Fairness Hearing") to decide whether to finally approve the settlement. The Fairness Hearing will be held on _____ at _____ at the U.S. District Court, 219 S. Dearborn St., Courtroom 1403, Chicago, IL 60604 or such other date, time, and location as the Court orders. At the Fairness Hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections or requests to be heard, the Court will consider them at the hearing. You are welcome to attend the hearing but you do not have to attend. Any changes to the date, time, and location of the Fairness Hearing will be posted on the court's docket and on the settlement website, so please check the settlement website for updates.

**15. Do I have to attend the Fairness Hearing?**

No. Class Counsel will answer questions the Court may have, but you may attend. If you send an objection, you do not have to go to court to talk about it. As long as you submitted your written objection on time, the Court will consider it. You may also have your own lawyer attend, but it is not necessary to hire a lawyer. You may ask the Court for permission to speak at the Fairness Hearing by sending a letter saying that it is your "Notice of Intention to Appear in *Redman v. IMAX*." Your letter must also include a reference to case number 13 C 7892, your name, current address, telephone number and signature. You must <u>file</u> your letter with the Clerk of the District Court, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604 by _____. You cannot speak at the Fairness Hearing if you exclude yourself from the Class.

**16. What happens if I do nothing at all?**

If you do nothing, and the Court approves the settlement, you will not get any Settlement Benefit but you will still be bound by the settlement and you will not be able to sue Defendant on the claims raised in the lawsuit. If you want a Settlement Benefit, you <u>must</u> submit a claim form by the deadline.

**17. How do I get more information?**

You may seek the advice and guidance of your own attorney, at your own expense, if you desire; you may review the pleadings, records and other papers on file in this lawsuit, which may be inspected during regular business hours at the U.S. District Court, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604; or you may contact Class Counsel at 312.726.4162.

## **DO NOT CALL THE COURT WITH QUESTIONS**

**18. What if I move?**

If you move between now and when you receive a Settlement Benefit, please update your contact information with the Class Settlement Administrator (see below).

**Class Settlement Administrator**

_____