**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 7892 |
| v. | ) ) | Judge Zagel |
| IMAX CHICAGO THEATRE LLC d/b/a IMAX Navy Pier and d/b/a Navy Pier IMAX, a Delaware limited liability company, | ) ) ) ) | Magistrate Martin |
| Defendant. | ) ) | |

## <u>AFFIDAVIT OF JEFFREY D. DAHL WITH RESPECT TO SETTLEMENT NOTICE PLAN</u>

I, Jeffrey D. Dahl, being duly sworn and deposed, say:

1.       I am over 21 years of age and am not a party to this action.   This affidavit is based on my personal knowledge, information provided by the staff of Dahl Administration, LLC ("Dahl"), and information provided by Dahl's media partner.  If called as a witness, I could and would testify competently to the facts stated herein.

2.       I am Founder and Principal of Dahl, which anticipates being appointed as the Class Settlement Administrator for the above-captioned action.  I am a nationally-recognized expert with over 22 years of experience in class action settlement administration.  I have provided claims administration services and

Exhibit 4

notice plans for more than 400 class actions involving securities, product liability, fraud, property, employment, discrimination and consumer rights. I have experience in all areas of settlement administration including notification, claims processing and distribution. I have also served as a Distribution Fund Administrator for the U.S. Securities and Exchange Commission.

3. A true and correct copy of Dahl's firm background is attached hereto as Exhibit 1.

4. Working with Dahl's media partner as described below, I designed the Notice Plan for the Settlement in the above-captioned action. I am responsible for directing Dahl's execution of the Notice Plan.

5. This affidavit describes (a) the methodology used to create the proposed Notice Plan; (b) the proposed Notice Plan; (c) the Notice design; (d) the direct emailed Notice; (e) the web-based Notice; (f) web-based Notice targeted using keyword search terms; (g) web-based Notice targeted using social media interest areas; (h) earned media; (i) other notice provided by Defendant; (j) the toll-free helpline; and (k) the Settlement website.

## METHODOLOGY

6. Working with our media partner, FRWD, I designed a Notice Plan that utilizes email and web-based media to reach Settlement Class Members. In formulating the Notice Plan, we took account of the powerful data showing that individuals now spend far more time seeking and consuming information on the Internet than from print sources, and we will employ sophisticated methods of

reaching and exposing Settlement Class Members to the Notice that are available to marketers in the digital, online sphere.

7.      A true and correct copy of the Affidavit of John Grudnowski, the founder and CEO of FRWD, is attached hereto as Exhibit 2.

8.      The Affidavit of John Grudnowski provides detailed information regarding online advertising in general and describes the digital media technologies that are integral to the design and execution of the proposed Notice Plan.

9.      The proposed Notice Plan uses methods that have been and are currently used by the nation's largest advertising media departments to target and place billions of dollars in advertising.   These methods include sophisticated targeting capabilities of digital marketing technologies to meet and reach Settlement Class Members at the websites they visit most frequently.

## PROPOSED NOTICE PLAN

10.     The objective of the proposed Notice Plan is to provide notice of the Proposed Settlement to members of the Proposed Settlement Class ("Settlement Class Members" or "Class") that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

11.     I understand that the Settlement Class Members, subject to certain exclusions that are not relevant for notice planning, generally are persons who from November 4, 2011 through November 7, 2013, paid by credit or debit card for a movie ticket(s) or gift card(s) at the Navy Pier IMAX Theater ("Theater") box office in Chicago, Illinois or for a movie ticket(s) or gift card(s) online for pickup at

the Theater box office in Chicago, Illinois and received a paper receipt at the Theater for the purchase. The settlement does not involve any theaters other than the Navy Pier IMAX in Chicago.

12. Dahl and FRWD created a notice plan that will effectively reach and engage the Settlement Class of approximately 42,000 Class Members using approximately 64,288 unique cards for purchase. The notice plan is to focus primarily on active movie goers in the urban Chicago area. Additional notice is provided nationally to individuals who are likely to attend IMAX theaters.

13. The Notice Plan includes nine elements:

a. Direct email Notice to approximately 26,300 Settlement Class Members that can be identified from Defendant's records;

b. Web-based Notice using paid banner ads on targeted websites, mobile websites, and mobile applications;

c. Additional web-based Notice using "keyword" searches displaying banner ads;

d. Social media ads targeting relevant interest areas;

e. National earned media through the issuing of a press release distributed nationwide through PR Newswire;

f. A box displayed on Defendant's website that will hyperlink to the Settlement website;

g. Printed notices containing information about the Settlement posted on the box office window of the Theater.

h.      A dedicated, informational website through which Settlement Class Members can obtain more detailed information about the Settlement and access case documents; and

i.      A toll-free telephone helpline by which Settlement Class Members can obtain additional information about the Settlement and request a copy of the Notice.

14.     The digital publication components of the Notice Plan has been designed to obtain over 11 million individual digital impressions targeted to approximately 4.3 million Chicago-area movie goers who are actively showing interest in movies with specific targeting to individuals interested in IMAX movies and content.

15.     Each digital publication tactic (web banners, mobile display, social media, and keyword searches) leverages unique interest targeting.  The program has been designed to geo-locate targeted individuals in the Chicago area with additional coverage nationally.

16.     Class member targeting was determined using information provided by the parties and leveraging research from Gfk MRI, ComScore and Google in order to determine the most highly-trafficked websites and apps used by the estimated 4.3 million Chicago-area movie going population.

17.     Additional market research, conducted by Dahl and FRWD, indicates that 76% of the Settlement Class is aged 18-54, that 82% attended or graduated from college or graduate school, and that 81% are Caucasian.  In terms of media

consumption behavior, 73% of the Settlement Class are moderate to heavy internet users, 88% have used on online search engine within the last 30 days, and 11% are heavy television watchers.

18.    Using the marketing, demographic and psychographic information above, we have designed this Notice Plan to target a selection of websites, relevant search interest keywords, and specific social media interest areas that match the characteristics of the Settlement Class.

19.    In additional to the over 11 million impressions generated by the digital notice, the coverage and exposure will be further increased by the notices posted on Defendant's website and Theater box office, the earned media campaign, the website, and the toll-free helpline.

20.    The Notice Plan will begin 21 days after Preliminary Approval by the Court and will continue through 90 days after Preliminary Approval, except that the digital media portion of the Notice Plan (banner and social media ads) will run only for a four-week period beginning no earlier than 21 days after Preliminary Approval and ending no later than 60 days after Preliminary Approval.

21.    Dahl and FRWD estimate that the Notice Plan as proposed here will reach 80% of the IMAX movie-going public in the Chicago urban area.

22.    At the conclusion of the Notice Plan, Dahl will provide a final report verifying implementation of the Notice Plan.

## NOTICE DESIGN

23.     Rule 23(c)(2) of the Federal Rules of Civil Procedure requires that class action notices be written in "plain, easily understood language."  The proposed Notices have been designed to be noticed, read, and understood by potential Settlement Class Members.  The Long Form Notice, which will be emailed to Class Members for whom email addresses are available and also provided to those who call the toll-free helpline or visit the website, contains substantial, easy-to-understand descriptions containing all key information about the Settlement and Settlement Class Members' rights and options.  A copy of the proposed Direct Email Notice is attached to the Settlement Agreement as Exhibit B.  A copy of the proposed Long Form Notice is attached to the Settlement Agreement as Exhibit C.

## DIRECT EMAILED NOTICE

24.     Upon Preliminary Approval, Defendant will provide Dahl with the email addresses for approximately 26,300 Class Members who are potential Settlement Class Members.  Dahl will email the approved Email Notice, Long-Form Notice, and Claim Form to each of these email addresses.

## WEB-BASED NOTICE

25.     To reach as many of the Settlement Class Members as possible, a web-based notice campaign utilizing banner-style notices with a link to the Settlement website will supplement the direct notice.  Banner notices will appear on a subset of two groups of websites known as the Chicago: Movie & Entertainment Channel and the Chicago: Mobile and "In-App" Movies & Film Channel. These

Channels provide placements across websites and mobile applications targeted to reach the Settlement Class in the urban Chicago area. These notices will run on websites when the site's demographics match our target audience.

26.    Targeting interests in the banner ad placements is defined broadly as movie and IMAX interest and more specifically as: movie focused content; reviews; ShowTime; and websites and apps such as rottentomatoes.com, movies.com, moviefone.aol.com, imdb.com, movietickets.com, fandango.com and others.

27.    In addition, we will target entertainment websites and apps which cover the movie industry such as People.com, USWeekly.com, RollingStone.com, and others.

28.    Geo-Location in web and mobile display is focused on the Chicago area, with 80% of the total impressions targeted specifically within a 25 mile radius of the Navy Pier IMAX Theatre. The remaining 20% will be focused in a 25 to 60 mile radius to reach the Chicago downtown area from far-reaching suburbs.

29.    A true and correct list of the website domains and mobile applications that are included in the Chicago: Movie & Entertainment Channel and the Chicago: Mobile and "In-App" Movies & Film Channel and will be utilized in this notice campaign is attached hereto as Exhibit 3.

30.    True and correct samples of the banner ads that will be placed are attached hereto as Exhibit 4.

31.     The Grudnowski Affidavit attached as Exhibit 2 provides more detailed information about the technologies and methods that we will use to implement and track this component of the Notice Plan.

## USING KEYWORD SEARCH TERMS

32.     The proposed Notice Plan will include banner ads targeted to display in response to the entry of specific keywords related to IMAX movies and other similar products and interests on major search engine websites, including the keywords "Chicago IMAX," "IMAX movies," "Navy Pier IMAX Theater," "IMAX settlement Chicago," "Navy Pier theater lawsuit," "IMAX movies," and other similar terms.  In addition, in the Chicago area, more general search keywords will be targeted, such as "Movies near me" and "Show times Chicago."

33.     The keyword search targeting will be focused on targeted both nationally and in the Chicago Area. Keywords used in national targeting will include the word "Chicago" to ensure that searchers are either in the Chicago area or actively looking for IMAX movies in the Chicago area.

## USING SOCIAL MEDIA INTEREST AREAS

34.     The proposed Plan will include banner ads that will be displayed to users of the Facebook social media network.  Targeting interest using social media is more narrowly defined than for web-based notice.  Social media notice was targeted at individuals who are interested in IMAX Movies, IMAX 3D, IMAX, Regal Entertainment Group and the top (defined by highest grossing) IMAX movies currently in market during the notification period.

35.     The geo-location for social media focused on three distinct geographic areas:   Chicago; Illinois (excluding Chicago); and National (excluding Illinois). While the social media distribution will enable us reach to IMAX interested individuals both locally and nationally, the social media plan will be optimized to provide the highest number of impressions to the Chicago area.

36.     These banner ads will appear on Facebook web pages displayed to Facebook users who have previously expressed interest using Facebook "Likes" and otherwise in areas such as   "IMAX Theaters," "AMC Theaters," "Regal Entertainment Group," and in blockbuster movie titles such as "Tomorrowland," "Terminator: Genisys," and "Jurassic World."   In previous consumer product class action settlement notification plans, this method of targeting has led to significant increases in overall claims.

## EARNED MEDIA

37.     The proposed Notice Plan will also include earned media to supplement the paid media portion of the Plan and will be targeted to a national audience.   "Earned media" refers to promotional efforts outside of direct, paid media placement.   The earned media efforts will provide additional notice of the Settlement to potential Settlement Class Members, though the effect is not measurable as it is with the impressions accumulated with the paid media portion of the Notice campaign.

38.     Concurrent with the launch of the email and online Notices, Dahl will release a national press release via PR Newswire.   The press release will be

distributed by PR Newswire to 5,815 newspapers, television stations, radio stations and magazines. In addition, PR Newswire will send the press release to approximately 5,400 websites and online databases, including all major search engines.

## OTHER NOTICE PROVIDED BY DEFENDANT

39.     Defendant will post a display box on the home page of its website at www.imax.com/oo/navy-pier-imax/ with the text "IMAX Navy Pier Credit/Debit Card Class Action Settlement Click Here," which will hyperlink to the Settlement Website. The location of the display box is identified in Exhibit D to the Settlement Agreement. The display box will be posted within 21 days after entry of a Preliminary Approval Order and be maintained through 90 days after entry of such an Order, or as ordered otherwise by the Court.

40.     Defendant will also post and maintain a Posted Notice conspicuously displayed on the box office windows at the IMAX Navy Pier Theater. The contents of the Posted Notice are included in Exhibit E of the Settlement Agreement. The Posted Notice will be posted within 21 days after entry of a Preliminary Approval Order and be maintained through 90 days after entry of such an Order, or as ordered otherwise by the Court.

## TOLL-FREE HELPLINE

41.     Prior to the launch of the email and web-based media campaigns, Dahl will also establish a toll-free Settlement helpline to assist potential Settlement Class Members and any other persons seeking information about the Settlement.

The helpline will be fully automated and will operate 24 hours per day, seven days per week. Callers will also have the option to leave a message in order to speak with the Settlement Administrator.

42.     The toll-free helpline will include a voice response system that provides callers with general information about the Settlement, responses to frequently asked questions ("FAQs"), or the ability to request a Long-Form Notice and Claim Form.

43.     Dahl will work with Counsel to prepare responses to the FAQs to provide accurate answers to anticipated questions about the Settlement.

## SETTLEMENT WEBSITE

44.     Prior to the launch of email and web-based media campaigns, Dahl will coordinate and integrate into the Notice Plan a Settlement website at a domain name to be agreed by the Parties.

45.     Dahl will work with Counsel to develop the content for the Settlement website. The website will provide Settlement Class Members with general information about the Settlement, answers to frequently asked questions, a means to submit an electronic Claim Form or download a Claim Form, important date and deadline information, a summary of Settlement benefits, a means by which to review and print copies of certain Settlement documents (including the Long Form Notice), and a link to contact the Settlement Administrator via email.

## <u>CONCLUSION</u>

46.     The objective of the Notice program is to provide the best notice practicable under the circumstances, provide them with meaningful information to help them understand their legal rights and options under the terms of the settlement and provide a simple, open and easy method for them to file claims for settlement benefits.

47.     It is my opinion that the proposed Notice Plan, as described above, provides sufficient Notice to the members of the Settlement Class.

48.     It is also my opinion that the proposed Notice Plan is fully compliant with Rule 23 of the Federal Rules of Civil Procedure and meets the notice guidelines established by the Federal Judicial Center's Manual for Complex Litigation, 4th Edition (2004), as well the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010), and is consistent with notice programs approved previously by both State and Federal Courts.

## EXHIBITS

49.    Attached hereto are true and correct copies of the following exhibits:

Exhibit 1:    Background information on Dahl Administration

Exhibit 2:    Affidavit of John Grudnowski in Support of the Settlement

Notice Plan

Exhibit 3:    List of Websites on which Banner Ads may be placed

Exhibit 4:    Sample Banner Ads


I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.  Executed this 26th day of October, 2015 in Minneapolis, Minnesota.


Jeffrey D. Dahl
Founder and Principal
Dahl Administration, LLC


Sworn to and Subscribed before me
this ___ day of October, 2015.

Notary Public


NANCY A. BAKER
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2017

14

**Exhibit 1**



## Firm Information
## and Selected References

# OUR FIRM



**OUR FIRM**

## OUR HISTORY

After more than 15 years of experience managing hundreds of settlements and distributing billions in settlement benefits, Jeff and Kristin returned to their roots as hands-on administrators providing innovative and cost-effective solutions. They created Dahl Administration to provide responsible, accountable, and transparent settlement administration services, and to become a trusted resource for class action counsel nationwide.

Dahl Administration has a history that stretches back to the beginnings of the class action settlement administration industry. Jeff Dahl was a founding partner of Rust Consulting and Kristin Dahl was Rust's second employee. During their time with Rust, the firm managed over 2,000 class action settlements.

Jeff and Kristin built Dahl Administration from the ground-up to provide the kind of service and expertise that complex claims administration projects demand, something that is too often lost within the corporate overhead and "turn-key solutions" that come with very large administrators. To do this, Dahl Administration combines advanced claims processing technology with expert project teams that are 100% focused on meeting client needs. This project team approach eliminates departmental "silos" that lack overall understanding of a client's project needs and lose the ability to communicate effectively when issues arise.

To focus on client needs, Jeff and Kristin created an organization that produces truly custom solutions, where project managers and principals actually answer their phones and emails, employees are empowered to resolve issues, and team members proactively communicate with clients to eliminate unwelcome surprises. The same people that consult and generate project proposals also attend weekly project update meetings and actively manage project work. This continuity ensures that project execution and costs meet or exceed the standards set in the proposal.

Dahl Administration is a full-service provider, with a staff of professionals experienced in class action administration, direct and media notice, process development, document and script development, data and image capture, claims processing, quality control review, accounting, project management, software development, and distribution. We also have sophisticated technology resources in place to implement solutions of any size and any level of complexity.

We are committed to managing successful projects that are completed on time, on budget, and with the highest level of quality in the industry.



**OUR FIRM**

**OUR PHILOSOPHY**

Dahl's 6 Key Principles:

**Accountable**
We are experts at what we do. When you hire us the work is done correctly and we stand behind it. No exceptions.

- **Immediate Resolution**
  When issues arise, we fix them. Dahl principals are actively involved in day-to-day client support and project management.

- **Project Team Responsibility**
  Our project managers are empowered to make decisions and resolve issues directly, guided by Dahl principals who actively monitor every project.

- **True Real-time Quality Assurance**
  We perform quality reviews continuously within the project processing cycle, not through a generic, detached auditing function.

**Responsive**
Nothing is more frustrating than having issues arise and no one will answer the phone or respond to an email. Our managers and principals are required to answer their phone and check their email 24/7. We want you to call our mobile numbers in an emergency, that's why we give them to you. You can always call our president and he will be happy to assist you. We don't just say this, we do it.

- **Online, All the Time**
  We answer the telephone. We know your time is money, so when you have an issue, you can call or email your project manager, your project principal, or the company president to get it resolved promptly – day or night.

- **Empowered, Knowledgeable Staff**
  We don't forward you to different departments or park your issue with a ticketing system. Your assigned project manager is knowledgeable and empowered to provide solutions on your project. If they don't know the answer, they will get it – promptly and willingly.

- **Client Relationships Drive Our Business**
  We are about you. We strive to develop a long-term, successful partnership with you.



**OUR FIRM**

### Technology-Driven

Sometimes it takes a custom technology solution to meet a unique settlement administration challenge. We have a dedicated information technology staff and a full menu of technology services to offer our clients. Whether you need a secure web-based claims submission portal, a custom IVR phone solution, innovative web-based class notice, or anything else, we will work with you to build the solution that works for your settlement and your budget.

- **Advanced Capabilities**
  We offer advanced print and mail solutions, custom IVR phone technology, online filing, "Quick Site" claim image access for clients, high-speed scanning, and flexible fund distribution alternatives.

- **Data Security**
  We provide secure physical facilities, proven technical infrastructure, and information-handling procedures to protect sensitive data.

- **Custom Technical Solutions**
  We custom configure solutions for each project, so you get innovative claims processing workflow that fits your needs.

- **Capacity and Sophistication**
  We have dedicated information technology staff and a high-capacity technology environment to support any size or type of case.

### Affordable

In today's economic times, price is always a factor. At Dahl, we have eliminated a lot of unnecessary overhead by focusing our staffing on project-based needs. Dahl employees work on projects. This allows us to keep rates low and stay focused on our clients.

- **Best Service at the Best Price**
  We provide innovative and efficient services designed to administer your project correctly and cost-effectively.

- **Nimble and Right Sized**
  We have project-based teams focused on your case solutions. All of our employees do project work, eliminating non-essential corporate overhead.



OUR FIRM

## Custom Solutions

We don't provide 'turn-key' processing solutions. Over the years, we have found that our clients expect more from us. We customize our solutions to meet our clients' varied expectations and do it at a 'turn-key' price.

- **True Customization**
  We deploy our expertise and tools to fit your project's needs.

- **Your Project Your Way**
  We don't force your project into our process, we adjust our process to meet your requirements.

- **Adjustable and Adaptable**
  We are nimble and proactive, enabling us to make real-time processing changes to meet your deadlines and requirements.

## No Surprises

You should not have to deal with missed deadlines or surprise invoices that far exceed proposed costs. We anticipate issues and stay on top of your settlement schedule for you. Weekly processing updates and monthly budget updates eliminate unpleasant surprises. Clients tell us that their "no surprises" experience with Dahl is what keeps them coming back again and again.

- **Every Project Every Day**
  We anticipate issues. Our "every project, every day" philosophy means our project team is on top of your schedule and proactively addressing any issues.

- **Consistent Reporting**
  We deliver weekly processing updates and monthly budget updates on every project.

- **Active Communication**
  Our principals and project managers proactively track changes in project dynamics and communicate any issues to you



**OUR FIRM**

## OUR SERVICES

Dahl provides project management and settlement distribution services to attorneys, distribution agents, special masters, governmental agencies, and the courts.

Our services include:

- Settlement Administration Planning and Design
- Management Team
- Project Management
- Cost Analysis
- Pre-Settlement Consultation
- Claimant Notification
- Innovative Notice Planning and Execution
- Claim Document Development and Layout
- Website and Call Center Services
- Claimant Communication
- CAFA Notice
- Document Imaging and Data Capture
- Claim Evaluation and Processing
- Reporting
- Quality Assurance Review
- Problem Identification and Resolution
- Distribution Management



**OUR FIRM**

**INNOVATIVE NOTICE PLANNING AND EXECUTION**

Change in the media landscape is accelerating and it is imperative that class action notification planning and execution reflect these changes. More people are now consuming news media via Internet sources than are reading even the most recognized print publications. Given this sea change, it no longer makes sense for class action notification plans to reflexively purchase print advertisements in the same leading national or regional print publications without considering the reality of where class members are directing the bulk of their attention. Print publication still has its place, often as a supplementary notice tactic, but that place will be less and less as the primary method of reaching unidentified class members.

With over 22 years of experience in class action notice and claims administration, Jeff Dahl recognized that class action notice plans were insufficiently utilizing the newly-available tools from the Internet marketing and communications industry. To fill this gap, Dahl Administration reached out to a leading digital marketing agency, FRWD, to develop best practices in applying digital media strategies and execution programs to the class action notification arena. The premise is simple: reach class members using the same digital media tools that FRWD's clients—brands such as 3M, Coca-Cola, Best Buy, Proctor & Gamble, General Mills and more—use to reach their own customers. In planning to provide "the best notice that is practicable under the circumstances" it is no longer acceptable to ignore the digital sphere where class members are now spending the bulk of their media consumption time and attention.

Dahl has deep experience in class action notification, and Dahl handles individual notice planning and execution more efficiently than anyone in the industry. Whether the case involves direct postal mail or email, Dahl will handle the data cleansing, returned mail and tracing, and other standard or custom procedures such that as many of the reasonably identifiable class members get notice of the litigation as possible.

When it comes to publication notice, the Dahl-FRWD approach diverges from the rest of the class action notification industry.

- We reach class members using the same strategies and tactics that leading advertisers would use to reach the same target audience as customers.

- Where feasible, we meet with marketing staff from the defendant(s) along with plaintiff and defense counsel to determine customer demographic and psychographic profiles.
- The logic is unassailable: where defendants have developed highly sophisticated knowledge about their customers and prospective customers, the class action notice process should seek out this knowledge and put it to use.



**OUR FIRM**

- Too often, this approach is overlooked in favor of the same print publication placements and, sometimes, a scattershot web banner ad campaign directed only by the broadest of demographic profiles.

### Targeting

First, we validate targeting parameters and align media buying with all parties. This process includes hand selecting specific website domains, print publications, geographic targeting, audience interest targeting, and more. By bringing the parties into the process, we are able to align more specifically on targeting needs and expectations in notification.

### Technology

Second, we begin technology systems alignment. In delivering a modern notification plan, multiple technical systems must be aligned. This is done to ensure accuracy in delivery of media as well as verifying that delivery met expectations. In typical notification planning Dahl-FRWD will leverage data collection, ad serving, and verification technologies. In parallel with finalizing media, Dahl-FRWD will install and set up all needed technology. In a recent matter where U.S. nationwide notification was required, we structured 50 unique campaigns to ensure proper distribution and verification of notice in each U.S. state. This often overlooked step is vital to ensuring proper notification as Dahl-FRWD can verify reach by state, country, and region. Any notification plan overlooking this step is simply not leveraging available technology to the best practices level.

### Execution

The Dahl-FRWD approach involves much more than the mere use of "industry-standard methodology" for the placement of web banner ads. In fact, class action notice "experts" often settle for buying blocks of surplus banner ads from wholesalers. Our goal is to use the same targeting and execution methodology that leading brands use to reach their own customers when we seek to reach those same persons in their capacity as class members. Our methodology of media planning and buying leads to greater accuracy, quality and control of media. The cost advantage is typically 20% to 30%, meaning we can typically reach 20% to 30% greater population base at the same media cost as traditional media notice plans.

# OUR PEOPLE

**CHRISTOPHER LONGLEY**
President

Chris is President of Dahl Administration. A former practicing attorney for the Minneapolis law firm of Hessian, McKasy & Soderberg, Chris has spent the last 25 years in the business sector.

Prior to joining Dahl, Chris was Managing Director and Vice President at SRS|Acquiom, a leading professional shareholder representative firm located in Denver and San Francisco. Prior to SRS Chris spent many years within Thomson Reuters running a global team focused on Mergers and Acquisitions.

A successful entrepreneur, Chris was part of the founding team of 10 start-up companies, and spent 11 years as Vice President of Business Development at a mid-size private equity firm in Minneapolis, where he ran sales and marketing operations for various portfolio companies from Florida to Ankara, Turkey.

Chris graduated from William Mitchell College of Law, and the University of St. Thomas. He is admitted to practice in Minnesota, The 8th circuit and the United States Supreme Court.

**JEFF DAHL**
Founder and Principal

Jeff co-founded Dahl Administration, LLC in early 2008 and was previously a founding partner and co-owner at Rust Consulting, Inc., one of the two largest class action claims administration firms in the country.

Jeff is a noted expert in all areas of settlement administration including notification, claims processing and distribution. He is known for providing innovative solutions to resolve complex project issues.

Jeff was the court-appointed Neutral Expert tasked with providing final claim determinations for a $176 million settlement in Rhode Island, involving over 300 victims of a 2003 nightclub fire.

He served as the distribution agent for the U.S. Securities and Exchange Commission's $350 million settlement with Fannie Mae.

During Jeff's 19-year career with Dahl and Rust Consulting, his firms provided claims administration services for over 2,000 class action and regulated settlements including the $1.1 billion Microsoft California settlement; the $950 million PB Pipe settlement; the $850 million Masonite siding and roofing settlement; and they distributed over $2 billion from U.S. Securities & Exchange Commission Fair Funds.

Jeff graduated from Concordia College-Moorhead with a Bachelor of Arts degree in Business Administration and is a Certified Public Accountant.

## JOHN GRUDNOWSKI
Media Expert

In May 2009, John founded FRWD. He brings 18 plus years of PR and digital marketing services experience that he gained over the course of his career at Accenture, General Mills, Carmichael Lynch and Vail Resorts.  John has developed digital strategies, provided expert training, counseled and advised marketing executives, led internal client innovation teams and led execution teams for a variety of Fortune 1,000 clients including: American Express, Discovery, 3M, General Mills, Deluxe, Target, Best Buy, Sony Pictures, Dairy Queen, Starz Entertainment and Ameriprise.

Prior to founding FRWD, John founded and led the modern media practice at space150, a Twin-Cities based ad agency, as well as led agency business development supporting revenue growth from under $1MM to over $12MM in four years. John has also co-founded the Minneapolis-based i612 media organization, and has served on multiple digital-based start-up boards of directors.

## KRISTIN DAHL
Principal

Kristin co-founded Dahl Administration, LLC and leads the project management group.

She has worked on three U.S. Securities and Exchange Commission settlements including the $432 million Global Research Analyst Settlement, the $100 million HealthSouth Securities settlement, and the $26 million Banc of America Securities settlement on behalf of Distribution Fund Administrator Francis E. McGovern.

Kristin has eighteen years of project management experience solely in the field of class action claims administration.  In her career at both Dahl and Rust Consulting, she was the active project manager on over 150 settlements, including the groundbreaking Denny's race discrimination settlement during which over 1 million phone calls were answered and over 150,000 claims were processed.

Kristin holds a Bachelor of Science degree from the University of Wisconsin-River Falls.

**JEFF HOUDEK**
Principal

Jeff Houdek is a Principal at Dahl and serves as Dahl's Director of Operations. Among his duties is the management of the tax reporting function for Dahl's Qualified Settlement Funds. A former Big 4 Auditor, he's built his career helping organizations develop effective and scalable accounting and operational systems to enable organizational growth while serving the needs of their customers.

Having worked in a number of heavily regulated industries, where both privacy and cost-effectiveness are paramount, he has helped with the design and development of several technology platforms and reporting applications.

Jeff is a graduate of St. John's University in Collegeville, Minnesota with Bachelor of Arts in Accounting. A Certified Fraud Examiner, Jeff has also previously held CPA, Securities (FINRA) and Insurance licenses.

**NANCY BAKER**
Principal

Nancy is a Project Manager with over nine years' experience in securities and class action claims management. Prior to joining Dahl, Nancy was a project manager for Rust Consulting specializing in securities cases. Nancy manages a variety of settlements for Dahl including property, insurance and consumer cases. She also drafts notice documents, call scripts and other claimant communications for the firm's projects, handles our published notice campaigns, and coordinates special projects for clients. Nancy graduated with honors from Augsburg College with a Bachelor of Arts degree.

**KELLY KRATZ**
Principal

Kelly is a Senior Project Manager at Dahl with experience in the mortgage and financial services industries and more than eight years of Big 4 Public Accounting experience, including six years of consulting and project management, and two years of operations and resource management. Prior to joining Dahl, Kelly worked as a tax consultant at Deloitte in the National Federal Tax Services Group managing numerous complex high-profile client engagements for several Fortune 100 companies, providing related project IRS audit defense, and preparing tax memorandums.

Kelly holds her Bachelor of Arts with a concentration in Financial Management from the University of St. Thomas.

**MARK FELLOWS**

Principal

Mark is an attorney whose work is focused on notice planning and project initialization for large or complex matters. He has particular expertise in drafting plain language notice and related documentation to comply with applicable legal standards. He also is experienced in working with counsel to create hybrid notice strategies using electronic media to meet due process standards in challenging situations.

He has more than ten years of experience serving as Legal Counsel and Manager of Legal Research and Education for a large claims adjudication and processing organization. Mark previously worked as a consultant in the data analytics and business intelligence industry. Mark earned his law degree from William Mitchell College of Law and his B.S. from Lewis and Clark College.

**DAN LEGIERSKI**

Principal

Dan Legierski is a Principal at Dahl who works closely with other Principals, Project Managers, and the Operations Team to ensure that our clients' needs are met. His professional experience includes over twenty years of effectively leveraging technology to better process legal, regulatory, and consumer claims.

Dan has spent time directing Finance/Accounting, Technology, and Operations Departments so he truly understands all aspects of claims processing and how the various functions work together to ensure quality and efficiency. During his tenure at Dahl, he has led the design and development of two major technology platforms that manage the administration of class action cases, promoting quality, accuracy, and cost effectiveness.

Dan graduated from the graduate Software Systems Program at the University of St. Thomas, and from St. Cloud State University with a Bachelors of Science in both Finance and Economics.

**MARY WISEMAN**

National Director of Business Development

Mary is the National Director of Business Development at Dahl, and is responsible for providing expert consulting to aid clients in structuring the notice and claims administration processes. Prior to joining Dahl, Mary was a Senior Account Executive at CBS Radio, Minneapolis where she managed top tier clients for digital and traditional advertising campaigns, including several Fortune 500 companies.

Mary's expertise includes on-air, on-site and online campaigns, with a particular interest in digital advertising. She was named Top New Business Account Executive of the Year while at CBS.

Mary received her Bachelor of Science from the University of Wisconsin-Stout and also attended the American University of London.

**BRYN BRIDLEY**
Project Initialization Manager

Serving as a Project Manager for more than five years, Bryn recently transitioned to the role of Project Initialization Manager. Bryn was a project manager for Rust Consulting prior to joining Dahl and has over nine years of experience in the claims administration industry. Bryn is responsible for the setup of each new Dahl project. After a thorough review of each project's case documents, she establishes a project timeline and works directly with Plaintiff and Defense Counsel to finalize notice documents, drafts telephone and website contents, cleanses data files for mailing, and transitions the project to the Dahl claims management team after notice is mailed.

Bryn graduated with honors from the University of Minnesota-Duluth with a Bachelor of Arts degree.

**SEAN COMBS**
Project Manager

Sean is a Project Manager with over eleven years' experience in consumer class action claims management. Prior to joining Dahl, Sean was a Project Coordinator for Rust Consulting, specializing in high volume claims processing and quality assurance. Sean also has several years' experience in providing CAFA notice mailings.

**CARRIE O'CONNELL**
Project Manager

Carrie O'Connell joined the Dahl team after working for seven years as a Supervisor in a high-volume legal claim processing organization. Carrie has eight years of experience in legal case management and quality control, which enables her to oversee a variety of settlements for Dahl and to lead our quality assurance team. Carrie earned a Bachelor of Science degree in History from Iowa State University and she received her Paralegal Certificate in 2004.

**ANN LINTON**

Project Manager

Ann joined Dahl after working for five years in the distribution business and was involved in chamber of commerce and a neighborhood business group. Previous to that she spent seven years working with juvenile delinquents at a day treatment program.

Ann earned a Masters in Social Work from Augsburg College and a Bachelors of Social Work from University of St. Thomas.

**JOHN SNYDER**

Director of Information Technology

John is the architect of Dahl's online claims portal, which allows parties to view and process cases over the internet using paperless workflow capabilities. He has over six years of information technology experience in legal claims processing and nearly 15 years of experience with information technology in general.

John possesses an MBA from the University of Minnesota Carlson School of Business and a law degree from the University of Wisconsin.

**GENNADIY KATSNELSON**

Web Interface/Custom Development

Gennadiy is a Software Developer and focuses primarily on web interface and custom software development. He has more than 20 years of top-level website development, design and architecture experience. His prior experience includes project management, website architecture, website design and hands-on development in which he successfully delivered large-scale systems to the market in a number of industries, including legal. Gennadiy has knowledge and practical expertise in a wide range of software platforms and technologies. Gennadiy obtained a Masters Degree in Mathematics and Computer Science from Belarusian State University, Minsk, Belarus.

# OUR REFERENCES



**OUR REFERENCES**

### DEFENSE COUNSEL

| **JOHN F. WARD, JR.** | **MICHAEL T. BRODY** | **NEIL M. BAROFSKY** |
|---|---|---|
| Partner, Jenner & Block LLP | Partner, Jenner & Block LLP | Partner, Jenner & Block LLP |

John Ward and Michael Brody are Defense counsel for the Hertz/ATS/PlatePass settlement (Ward) and the Hertz Equipment Rental Corporation LDW settlement (Brody). Neil Barofsky is Defense counsel representing CashCall in settlements between individual states and a consumer lender and related entities.

Jenner & Block
353 N. Clark Street
Chicago, IL 60654-3456

Jenner & Block
919 Third Avenue
New York, NY 10022-3908

John F. Ward, Jr.
Work: (312) 923-2650
jward@jenner.com

Michael T. Brody
Work: (312) 923-2711
mbrody@jenner.com

Neil M. Barofsky
Work: (212) 891-1675
nbarofsky@jenner.com

---

**BRIAN R. ENGLAND**
Special Counsel, Sullivan & Cromwell LLP

---

Defense counsel for Philips BPA settlement and Philips TV settlement.

Sullivan & Cromwell LLP
1888 Century Park East
Los Angeles, CA 90067-1725

Brian R. England
Work: (310) 712-6672
englandb@sullcrom.com

---

| **MARCI A. EISENSTEIN** | **PAULA J. MORENCY** |
|---|---|
| Partner, Schiff Hardin LLP | Partner, Schiff Hardin LLP |

---

Marci Eisenstein is Defense counsel in the Twin City Fire Insurance/Hartford Insurance settlement. Paula Morency is Defense counsel in the Suave 30-Day Smoothing Kit settlement.

Schiff Hardin LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606-6473

Marci A. Eisenstein
Work: (312) 258-5545
meisenstein@schiffhardin.com

Paula J. Morency
Work: (312) 258-5549
pmorency@schiffhardin.com



**OUR REFERENCES**

**DEFENSE COUNSEL, CONTINUED**

**BRYAN O. BALOGH**
Partner, Burr & Forman LLP

Defense counsel in the Janoka v. Veolia Environmental Services settlement.

Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

Bryan Balogh

Work: (205) 458-5469
bbalogh@burr.com

**WHITTY SOMVICHIAN**
Partner, Cooley LLP

Defense counsel representing eBay in the eBay Mobile and eBay Featured Plus settlements.

Cooley LLP
101 California Street
5th Floor
San Francisco, CA 94111-5800

Whitty Somvichian
Work: (415) 693-2061
wsomvichian@cooley.com

**ELIZABETH B. McREE**
Partner, Jones Day

Defense counsel representing Verizon in the Coie v. Verizon settlement.

Jones Day
77 West Wacker
Chicago, IL 60601-1692

Liz McRee
Work: (312) 269-4374
emcree@jonesday.com



**OUR REFERENCES**

**PLAINTIFF COUNSEL**

---

**JOE KRONAWITTER**

Partner, Horn Aylward & Bandy, LLC

---

Plaintiff counsel for the In Re: Motor Fuel Sales Practices Litigation settlements.

Horn Aylward & Bandy, LLC                      Joe Kronawitter
2600 Grand Boulevard, Suite 1100               Work: (816) 421-0700
Kansas City, MO 64108                          jkronawitter@hab-law.com

---

**RALPH K. PHALEN**                            **MITCHELL L. BURGESS**

---

Class co-counsel in numerous settlements administered by Dahl Administration.

Ralph K. Phalen, Esquire
Burgess & Lamb PC
1000 Broadway Street
Suite 400
Kansas City, MO 64105

Ralph K. Phalen                                Mitchell L. Burgess
Work: (816) 787-1626                           Work: (816) 471-1700
phalenlaw@yahoo.com                            mitch@burgessandlamb.com

---

**MARK S. MANDELL**

Partner, Mandell, Schwartz & Bosclair, Ltd.

---

Lead Plaintiff Counsel for the Station Nightclub Fire settlement.

Mandell, Schwartz & Boisclair, Ltd.            Mark S. Mandell
One Park Row                                   Work: (401) 273-8330
Providence, RI 02903                           msmandell@msn.com



OUR REFERENCES

**PLAINTIFF COUNSEL, CONTINUED**

---

**STEVEN JAFFE**
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.

---

Class Counsel in the Appel v. Liberty American Insurance Company settlement.

Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.     Work: (214) 231-0555
425 North Andrews Avenue
Fort Lauderdale, FL 33301

---

**CHRISTOPHER S. POLASZEK**
Morgan & Morgan

---

Class Counsel in the Suave 30-Day Smoothing Kit settlement.

Morgan & Morgan                          Chris Polaszek
201 N. Franklin Street                   Work: 813-223-5505
7th Floor                                cpolaszek@forthepeople.com
Tampa, Florida 33602

---

**MICHAEL COREN**
Cohen, Placitella & Roth, PC

---

Class Counsel in the Bower v. MetLife settlement.

Cohen, Placitella & Roth, PC             Michael Coren
Two Commerce Square                      Work: 215-567-3500
Suite 2900                               mcoren@cprlaw.com
Philadelphia, PA  19103

# SELECTED CASES



**OUR CASES**

---

**STATION NIGHTCLUB FIRE SETTLEMENT - $176 MILLION**

---

Dahl staff provided onsite claim evaluation services at 11 law firms in Providence, Rhode Island to determine claim validity and final claim values for over 300 death and personal injury claims. The review included analysis of authority documents and medical records by a staff of Registered Nurses and senior level project managers. Jeff Dahl is the court-appointed Neutral Expert responsible for final determinations of all claims for this settlement.

Lead Counsel: Mark S. Mandell, Law firm of Mandell, Schwartz & Boisclair, Providence, RI

---

**VEOLIA CLASS SETTLEMENT - 1.2 MILLION COMPLEX DATA RECORDS PROCESSED**

---

Dahl was selected to provide Class Notice and Distribution for the Janoka v. Veolia Environmental Services class action. Dahl analyzed and processed over 1.2 million complex data records, mailed notice to over 900,000 potential class members, and processed incoming correspondence and opt outs. Dahl then managed complex claims processing procedures, including detailed analysis of class member invoices and other supporting documentation, and distributed settlement funds to eligible class members.

Plaintiff Counsel: James M. Terrell, McCallum, Methvin & Terrell, P.C., Birmingham, AL

Defense Counsel: Rik S. Tozzi and Brian O. Balogh, Burr Forman LLP

---

**METLIFE CLASS SETTLEMENT - NEARLY 1 MILLION CLASS MEMBER CHECKS DISTRIBUTED**

---

Dahl was selected to provide Class Notice, Settlement, Notice, and Distribution for the Bower v. MetLife class action. Dahl mailed notice to over 900,000 potential class members, and processed incoming correspondence and opt outs. Dahl distributed nearly one million checks to eligible class members and handled all requests for re-issued checks. Dahl implemented innovative, cost-effective solutions to manage the distribution process.

Plaintiff Counsel: Steven R. Jaffe, Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L., Fort Lauderdale, FL; Stephen A. Dunn, Emanuel & Dunn PLLC, Raleigh, NC; and Michael Coren, Cohen, Placitella & Roth, P.C, Philadelphia, PA

Defense Counsel: Ross Bricker and John F. Ward, Jr., Jenner & Block LLP and Robert D. Friedman and Scott H. Moskol, Burns & Levinson LLP



**OUR CASES**

### HERTZ PLATEPASS SETTLEMENT - 1.6 MILLION NOTICES MAILED

Dahl was selected to provide Class Notice, Claims Processing, and Distribution for the Doherty and Simonson v. Hertz, ATS, and PlatePass class action. Dahl mailed notice to over 1.6 million potential class members, administered an efficient online claim filing procedure, and processed incoming correspondence and opt outs. Dahl processed incoming claims and distributed nearly 100,000 checks to eligible class members.

Plaintiff Counsel: Jeffrey Goldenberg, Goldenberg Schneider LPA, Cincinnati, OH and Brian Dershaw, Beckman Weil Shepardson LLC, Cincinnati, OH

Defense Counsel: James Comodeca, Dinsmore & Shohl LLP and James Griffith, Jr., Akin Gump Strauss Hauer & Feld LLP

### URBAN ACTIVE FITNESS SETTLEMENT - 600,000 CLASS MEMBERS

Dahl was the Settlement Administrator for the Urban Active Fitness class action settlement and was responsible for the distribution of mailed notice to more than 600,000 class members, implementation of a published notice campaign, extensive data processing, online claim filing, and complex claims processing.

Plaintiff Counsel: Thomas N. McCormick, Vorys Sater Seymour and Pease LLP, Columbus, OH

Defense Counsel: V. Brandon McGrath, Bingham Greenebaum Doll PLLC, Cincinnati, OH

### RODENBAUGH V. CVS PHARMACY SETTLEMENT - 400,000 CLASS MEMBERS

Dahl is the Settlement Administrator for the Rodenbaugh v. CVS Pharmacy class action settlement and was responsible for the distribution of mailed notice to more than 400,000 class members, implementation of a published notice campaign, operation of an informational phone line, processing of claim forms and correspondence submitted by class members, and providing claim review services.

Defense Counsel: Roman Wuller, Thompson Coburn LLP, St. Louis, MO and Edward Hardin Jr., Burr & Forman LLP, Birmingham, AL

Plaintiff Counsel: John Edgar, Edgar Law Firm LLC, Kansas City, MO and Carles McCallum III and R. Brent Irby, McCallum, Hoaglund Cook & Irby LLP, Vestavia Hills, AL



**OUR CASES**

---

**COIE v. VERIZON WIRELESS SETTLEMENT- CUSTOM DIRECT NOTICE PROGRAM**
---

Dahl distributed the Class Notice and Opt-In Form to a large employment class, including a custom outer envelope including a "QR" matrix barcode which directed Class Members to the mobile-optimized settlement website when scanned by a mobile device.  Dahl implemented a comprehensive tracing and re-mail program to maximize the reach of the direct notice program.  Dahl managed a live telephone helpline that responded to thousands of phone calls, processed filed claims, and successfully distributed the settlement funds.

Defense Counsel:  Elizabeth McRee, Jones Day, Chicago, IL

Plaintiff Counsel:  Ilan Chorowsky, Progressive Law Group, Chicago, IL

---

**APPEL v. LIBERTY SETTLEMENT - COMPLEX CLAIM PROCESSING**
---

Dahl was the Settlement Administrator for the Appel v. Liberty settlement involving insurance coverage limits for mobile and manufactured homes suffering wind damage in Florida.  Dahl implemented a direct notice program, implemented a settlement website and live call center including Spanish-speaking representatives, processed received claims, implemented complex claim processing procedures, and distributed the settlement fund.

Defense Counsel:  Amy L. Brown, Squire Sanders, Washington D.C.

# OUR CASE EXPERIENCE



**CASE CITES**

**CURRENT CASES – DAHL**

## CONSUMER

**Aguiar v. Merisant Co.,** No. 2:14-CV-00670 (C.D. Cal.)

**Applewhite v. Capital One Bank,** No. 4:06-CV -69 (N.D. Miss.)

**Avalishvili v. Reussille Law Firm, LLC,** No. 3:12-CV-02772-TJB (D. N.J.)

**Banner v. Law Offices of David J. Stern,** No. 9:11-CV-80914 (S.D. Fla.)

**In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.,** No. 4:08-MD-1967 (W.D. Mo.)

**Boewer v. Chris Auffenberd Kirkwood Mitsubishi,** No. 09SL-CC05382 (Mo. Cir. Ct. St. Louis County)

**Bradley v. Sears, Roebuck & Co.,** No. 06-L-0095 (Ill. Cir. Ct. St. Clair County)

**Brandon v. Van Chevrolet-Cadillac, Inc.,** No. 1031-CV14654 (Mo. Cir Ct. Greene County)

**Brannon v. Capital One,** No. 3:07-CV -1016 (M.D. Fla.)

**Brewer v. Missouri Title Loans, Inc.,** No. 0722-CC-00015 (Mo. Cir. Ct. St. Louis County)

**Briggs v. Fletcher Auto. No. 7, LLC,** No. 10AO-CC003331 (Mo. Cir. Ct. Jasper County)

**Brown v. Suntrup Ford, Inc.,** No. 08SL-CC05103 (Mo. Cir. Ct. St. Louis County)

**Brown v. Zeiser Motors,** No. 0811-CV04298 (Mo. Cir. Ct. St. Charles County)

**Brunner v. Head Motor Co.,** No. 0811-CV04298 (Mo. Cir. Ct. Boone County)

**Bryant v. Motors Liquidation Co.,** No. 09-50026 (Bankr. S.D.N.Y.)

**Budeprion XL Mktg. & Sales Practices Litig.,** No. 2:09-CV-2811 (E.D. Pa.)

**Busby v. RealtySouth,** No. 2:04-CV -2799 (N.D. Ala.)

**Bush v. Cyber Asset Recovery, LLC,** No. MID-L-005132-10 (N.J. Middlesex County Ct.)

**Carlile v. Murfin Drilling Co., Inc.,** No. 13-CV-61 (Kan. Dist. Ct. Seward County)

**Charron v. Pinnacle Group, N.Y.,** No. 1:07-CV -6316 (S.D.N.Y.)

**Chulsky v. Hudson Law Offices, P.C.,** No. 3:10-CV-3058-FLW (D.N.J.)

**Conderman v. Jim Trenary Chevrolet, Inc.,** No. 0811-CV-11388 (Mo. Cir. Ct. St. Charles County)

**Cornett v. Samson Ress. Co.,** No. CJ-09-81 (Okla. Dist. Ct. Dewey County)

**Cox v. Max Motors II, LLC,** No. 09BS-CC00078 (Mo. Cir. Ct. Bates County)

**Cullan and Cullan, LLC, v. M-Qube, Inc.,** No. 8:13-CV-00172 (D. Ne.)

**Custom LED, LLC v. eBay Inc.,** No. 3:12-CV-00350 (N.D. Cal.)

**Davis Landscape, LTD. v. Hertz Equip. Rental Corp.,** No. 06-3830 (D.N.J.)

**DKW Constr., Co., Inc. & Brian Wood v. Southtown Dodge, Inc.,** No. 08SL-CC05106 (Mo. Cir. Ct. St. Louis County)



## CASE CITES

## CONSUMER - CONTINUED

**Dobson v. Dave Cross Motors, Inc.,** No. 1016-CV-26853 (Mo. Cir. Ct. Jackson County)

**Doherty v. The Hertz Corp.,** No. 1:10-CV-00359 (D. N.J.)

**Dugan v. Lloyds TSB Bank, PLC,** No. 3:12-CV-02549 (N.D. Cal.)

**Farno v. Ansure Mortuaries of Indiana, LLC,** No. 41C01-0910-PL-7 (Ind. Cir. Ct. Johnson County)

**Friess v. Layne Energy, Inc.,** No. 11-CV-57 (Kan. Dist. Ct. Wilson County)

**Fritzinger v. Angie's List, Inc.,** No. 1:12-CV-1118 (S.D. Ind.)

**Frost v. Ohio E. Express, Inc.,** No. 3:12-CV-3016 (N.D. Ohio)

**Gaffney v. Autohaus West, Inc.,** No. 09SL-CC00430 (Mo. Cir. Ct. St. Louis County)

**Gascho v. Global Fitness Holdings, LLC,** No. 2:11-CV-436 (S.D. Ohio)

**Gentry v. Reliable Auto., Inc.,** No. 0831-CV06073 (Mo. Cir. Ct. Greene County)

**Grant v. Onyx Acceptance Corp.,** No. 07-20315 (Fla. Cir. Ct. Broward County)

**Green v. American Cleaners and Laundry Co., Inc.,** No. 12SL-CC03095 (Mo. Cir. Ct. St. Louis County)

**Green v. Major Infiniti, Inc.,** No. 1116-CV09583 (Mo. Cir. Ct. Jackson County)

**Gregg v. Check Into Cash of Missouri, Inc.,** No. 11-CV-368 (W.D. Mo.)

**Gumm v. Joe Machens Ford, Inc.,** No. 08BA-CV03153 (Mo. Cir. Ct. Boone County)

**Hamilton v. Cash Am. of Missouri, Inc.,** No. 1216-CV-10576 (Mo. Cir. Ct. Jackson County)

**Heien v. Archstone Communities, LLC,** No. 1:12-CV-11079-RGS (D. Mass.)

**Hermida v. ASN Reading LLC,** No. 10-CV-12083-WGY (D. Mass.)

**Herrera v. Check 'n Go of California, Inc.,** No. CGC-07-4627790 (Cal. Super. Ct. San Francisco County)

**Hershey v. ExxonMobil Oil Corp.,** No. 6:07-CV-01300 (D. Kan.)

**Hewitt v. Law Offices of David J. Stern,** No. 50-2009-CA-036046 (Fla. Cir. Ct. Palm Beach County)

**Hollins v. Capital Solutions Invs., Inc.,** No. 11SL-CC04216 (Mo. Cir. Ct. St. Louis County)

**Hooper v. Suntrup Buick-Pontiac-GMC Truck, Inc.,** No. 0811-CV10921 (Mo. Cir. Ct. St. Charles County)

**Hopler v. Sapaugh Motors, Inc.,** No. 09JE-CC00146 (Mo. Cir. Ct. Jefferson County)

**Horn v. Commercial Lending Capital, Inc.,** No. RIC10019819 (Cal. Super. Ct. Riverside County)

**Howerton v. Cargill, Inc.,** No. 1:13-CV-00336 (D. Haw.)

**In the Matter of Xacti LLC,** No. 13C20192 (Or. Cir. Ct. Marion County)

**Janicki v. Jeffrey L. Rosen and Trustmark Recovery Serv. Inc.,** No. 1:13-CV-06759 (N.D. Ill.)

**Janoka v. Veolia Envtl. Servs. N. Am. Corp.,** No. 69-CV-2011-900056 (Ala. Cir. Ct. Barbour County)

**Johnson v. Washington Univ.,** No. 2:10-CV-4170 (W.D. Mo.)

**Jones v. Wells Fargo, N.A.,** No. BC337821 (Cal. Super. Ct. L.A. County)



**CASE CITES**

## CONSUMER - CONTINUED

**Jones v. W. County BMW, Inc.,** No. 08SL-CC05222-01 (Mo. Cir. Ct. St. Louis County)

**Keirsey v. eBay, Inc.,** No. 12-Cv-01200-JST (N.D. Cal.)

**Khweye v. Leaders Fin. Co.,** No. ESX-L-5584-10 (N.J. Super. Ct. Essex County)

**Kreilich v. JL Autos, Inc.,** No. 09SL-CC0172 (Mo. Cir. Ct. St. Louis County)

**Lagas v. Verisma Sys., Inc.,** No. 4:13-CV-01082 (W.D. Mo.)

**Ledterman v. James Perse Enter., Inc.,** No. BC480530 (Cal. Super. Ct L.A. County)

**LeFever v. Am. Ear Hearing Aid & Audiology,** No. 11-CV-0832 (Ohio Comm. Pl. Licking County)

**Lewellen v. Reliable Imports and RV, Inc.,** No. 1031-CV11926 (Mo. Cir. Ct. Greene County)

**Lippert v. Edison Motor Cars, Inc.,** No. MID-L-6599-10 (N.J. Super. Ct. Middlesex County)

**Livingston v. Capital One,** No. 3:07-CV-266 (M.D. Fla.)

**Love v. LendingTree Claims Admin.,** No. 2009CV009598 (Wis. Cir. Ct. Milwaukee County)

**Lucero v. Love, Beal & Nixon, P.C.,** No. 4:12-CV-659 (N.D. Okla.)

**Lundsford v. Woodforest Nat'l Bank,** No. 1:12-CV-103-CAP (N.D. GA.)

**Lundy v. Check Into Cash of Missouri, Inc.,** No. 1216-CV10150 (Mo. Cir. Ct. Jackson County)

**Lundy v. Mid-America Credit, Inc.,** No. 1116-CV02060 (Mo. Cir Ct. Jackson County)

**Mayfield v. Thoroughbred Ford of Platte City, Inc.,** No. 08AE-CV00467 (Mo. Cir Ct. Platte County)

**Metcalf v. Marshall Ford Sales, Inc.,** No. 0811-CV11381 (Mo. Cir. Ct. St. Charles County)

**Mikale v. John Bommarito Oldsmobile-Cadillac, Inc.,** No. 08SL-CC05223 & 09SL-CC00167 (Mo. Cir. Ct. St. Louis County)

**Miller v. Capital One Bank,** No. 3:07-CV-265 (M.D. Fla.)

**Miller v. Nat'l Enter. Sys., Inc.,** No. 13 C 1720 (N.D. Ill.)

**Motor Fuel Temperature Sales Practices,** No. 07-MD-1840-KHV (D. Kan.)

**Mortgage Store, Inc. v. LendingTree Loans,** No. 06CC00250 (Cal. Super. Ct. Orange County)

**Moy v. Eltman, Eltman & Cooper, P.C.,** No. 12-CV-02382 (E.D.N.Y.)

**Naes v. Tom Pappas Toyota, Inc.,** No. 0711-CV09005 (Mo. Cir. Ct. St. Charles County)

**Neese v. Lithia Chrysler Jeep of Anchorage, Inc.,** No. 3AN-06-4815 (Alaska Super. Ct. Anchorage)

**North Star Capital Acquisitions v. King,** No. 3:07-CV-264 (M.D. Fla.)

**Omar v. 950 B14 DE, LLC,** No. CGC-13-530203 (Cal. Super. Ct. San Francisco County)

**Omohundro v. Glendale Chrysler-Jeep, Inc.,** No. 2107CC-03927 (Mo. Cir. Ct. St. Louis County)

**Padberg v. Dish Network, LLC,** No. 11-4035 (W.D. Mo.)

**Painter v. Ackerman Motor Company, Inc.,** No. 1022-CC10135 (Mo. Cir. Ct. City of St. Louis)



**CASE CITES**

## CONSUMER - CONTINUED

**Perkins v. Philips Oral Healthcare, Inc.,** No. 12-CV-1414H BGS (S.D. Cal.)

**Petersen v. Central Jersey Pool,** No. MON-L-4044-11 (N.J. Super. Ct. Monmouth County)

**In re Philips/Magnavox Television Litig.,** No. 2:09-CV-3072 (D. N.J.)

**Powers v. Fifth Third Mortg. Co.,** No. 1:09-CV-2059 (N.D. Ohio)

**Redd v. Suntrup Hyundai, Inc.,** No. 09SL-CC00173 (Mo. Cir. Ct. St. Louis County)

**Reid v. Unilever United States, Inc.,** No. 12-CV-6058 (N.D. Ill.)

**Rhodenbaugh v. CVS Pharmacy, Inc.,** No. 0916-CV09631 (Mo. Cir. Ct. Jackson County)

**Richards v. Lou Fusz Auto. Network, Inc.,** No. 08SL-CC04594 (Mo. Cir. Ct. St. Louis County)

**Richardson v. Weber Chevrolet Co.,** No. 09SL-CC00170 (Mo. Cir Ct. St. Louis County)

**Riley v. Northland Group, Inc.,** No. 2:12-CV-00950 (E.D. Wis.)

**Rizzo v. Hendrick Auto. Group.,** No. 4:08-CV-137 (W.D. Mo.)

**Roberts v. Source for Public Data,** No. 2:08-CV -4167 (W.D. Mo.)

**Robinson v. J & C Auto Outlet, LLC,** No. MID-L-1961-13 (N.J. Super. Ct. Middlesex County)

**S37 Management, Inc. v. Advance Refrigeration Co.,** No. 06-CH-20999 (Ill. Cir. Ct. Cook County

**Sams v. Adams Auto Corp.,** No. 0916-CV1521 (Mo. Cir. Ct. Jackson County)

**Seekamp v. It's Huge, Inc.,** No. 1:09-CV-00018 (N.D. N.Y)

**Serochi, Jr. v. Bosa Dev. Cal. II, Inc.,** No. 37-2009-00096686-CU-BT-CTL (Cal Super. Ct. San Diego County)

**Schuster v. Machens Enters., Inc.,** No. 11BA-CV01269 (Mo. Cir. Ct. Boone County)

**Shaffer v. Royal Gate Dodge,** No. 07SL-CC00949 (Mo. Cir Ct. St. Louis County)

**Sherrell v. Great S. Bank,** No. 1131-CV02280 (Mo. Cir. Ct. Greene County)

**Shirley v. Reliable Chevrolet, Inc.,** No. 0831-CV06082 (Mo. Cir Ct. Greene County)

**Silverberg v. Hotels.com, LP,** No. 12-01819 (Tex. Dist. Ct.)

**Sims v. Rosedale Cemetery Co.,** No. 03-C-506 (W. Va. Cir. Ct. Berkeley County)

**Soper v. American Traffic Solutions, Inc.,** No. CACE 10-046095 (17th Cir. Ct. Broward County)

**Stasko v. City of Chicago,** No. 09-CH17167 (Ill. Cir. Ct. Cook County)

**State of Texas v. Bluehippo,** No. D-1-GV-10-000102 (Tex. Dist. Ct. Travis County)

**State of Texas v. Cristo Vive,** No. D-1-GV-12-001092 (Tex. Dist. Ct. Travis County)

**Steiner v. Rawlings Sporting Goods Co., Inc.,** No. 2:12-CV-02531 (D. N.J.)

**Stevens v. Bommarito Nissan, Inc.** No. 09SL-CC00167 (Mo. Cir. Ct. St. Louis County)

**Strickland v. Fletcher Auto., No. 9,** No. 09AP-CC00091 (Mo. Cir. Ct. Jasper County)

**In re Surewest Comm'ns Shareholder Litig.,** No. SCV-0030665 (Cal. Super Ct. Placer County)



**CASE CITES**

## CONSUMER - CONTINUED

**Swires v. Glaxosmithkline,** No. 11-L-587 (Ill. Cir. Ct. St. Clair County)

**Thomas v. Tenet Healthsystems SL, Inc.,** No. 12SL-CC01811 (Mo. Cir. Ct. St. Louis County)

**Tortora v. Guardian Protection Servs., Inc.,** No. MID-L-1041-10 (N.J. Super. Ct. Middlesex County)

**Valley v. Johnny Londoff Chevrolet, Inc.,** No. 10SL-CC00523 (Mo. Cir. Ct. St. Louis County)

**Van Loo v. Capitol City Chrysler-Nissan, Inc.,** No. 11AC-CC00324 (Mo. Cir. Ct. Cole County)

**In re Voluntary Dissolution of Nexus Fiduciary Trust Corp.,** No. 29D03-1003-CC-323 (Ind. Super. Ct. Hamilton County)

**Wade v. Thoroughbred Ford, Inc.,** No. 10AE-CV04323 (Mo. Cir. Ct. Platte County)

**Walczak v. ONYX Acceptance Corp.,** No. 03 CH 0693 (Ill. Cir. Ct. Lake County)

**Wallace B. Roderick Revocable Living Trust, Trustee Amanda Roderick v. Noble Energy, Inc.,** No. 2009CV2 (Kan. Dist. Ct. Kearny County)

**Wallace B. Roderick Revocable Living Trust, Trustee Amanda Roderick v. Osborn Heirs Co., Ltd.,** No. 2009CV15 (Kan. Dist. Ct. Kearny County)

**Welsh v. John Youngblood Motors, Inc.,** No. 0931-CV14259 (Mo. Cir. Ct. Greene County)

**Westman v. Rogers Family Funeral Home, Inc.,** No C 98-03165 (Cal. Super. Ct. Contra Costa County)

**Wenger v. South Brunswick Furniture, Inc.,** No. MID-L-000479-12 (N.J. Middlesex County Ct.)

**Wiles v. S.W. Bell Tel. Co.,** No. 2:09-CV-4236 (W.D. Mo.)

**Wogoman v. Worth Harley Davidson N., Inc.,** No. 09CY-CV9090 (Mo. Cir. Ct. Clay County)

**Wood v. Plaza Tire Servs.,** No. 11SL-CC01507 (Mo. Cir. Ct. St. Louis County)

**Woods v. QC Fin.l Servs., Inc.,** No. 11-148-01395-09 (Am. Arb. Ass'n)

**Woodward v. Ozark Kenworth, Inc.,** No. 1031-CV02203 (Mo. Cir Ct. Greene County)

**Yarde v. Ed Napleton St. Louis Imports, Inc.,** No. 09SL-CC00171 (Mo. Cir. Ct. St. Louis County)

**Zaromb v. SSM Health Care Corp.,** No. 12SL-CC00654 (Mo. Cir. Ct. St. Louis County)

## INSURANCE

**Abrahams-Goullub v. United Servs. Auto. Assoc.,** No. 3AN-09-6693CI (Alaska Super. Ct. Anchorage)

**Appel v. Liberty Am. Ins. Co.,** No. 1:08-CV-20385 (S.D. Fla.)

**Besecker v. Peerless Indem. Ins. Co.,** No. 2:09-CV-05513-TJS (E.D. Pa.)

**Bower v. MetLife,** No. 1:09-CV-351 (S.D. Ohio)

**Casey v. Coventry Health Care of Kansas, Inc.,** No. 4:08-cv-201 (W.D. Mo.)

**Childs v. Unified Life Ins. Co.,** No. 4:10-CV-23 (N.D. Okla.)



**CASE CITES**

## INSURANCE - CONTINUED

**Cressy v. Fidelity & Guaranty Life Ins. Co.,** No. BC514340 (Cal. Super. Ct. L.A. County)

**Douglass v. Am. United Life Ins. Co.,** No. 29D03-9810-CP-00568 (Ind. Super. Ct. Hamilton County)

**Holling-Fry v. Coventry Health Care of Kansas, Inc.,** No. 4:07-CV-0092 (W.D. Mo.)

**Lujan v. Hallmark Ins. Co.,** No. D-101-CV-2012-01429 (N.M. Santa Fe County)

**Martin v. Twin City Fire Ins. Co.,** No. 3:08-CV-5651 (W.D. Wash.)

**Newendorp v. United Servs. Auto. Assoc.,** No. CJ-04-195S (Ok. Dist. Ct. Cleveland County)

**Poutsch v. USAA Cas. Ins. Co.,** No. CV-2011-01210 (N.M. Dist. Ct. Bernalillo County)

**Scott v. United Servs. Auto. Assoc.,** No. 2:11-CV-01422-JCC (U.S. Dist. Ct. W.D. Wash.)

**San Allen v. Stephan Buehrer, Admin. of Ohio BWC,** No. CV-07-644950 (Ohio C.P. Cuyahoga County)

**Walker v. Life Ins. Co. of the Sw.,** No. 10-CV-9198-JVS (C.D. Cal.)

**Waterman v. USAA Cas. Ins. Co.,** No. 10-5016-TJS (E.D. Pa.)

**Welschmeyer v. St. Luke's Health Sys., Inc.,** No. 1316-CV19250 (Mo. Cir. Ct. Jackson County)

## EMPLOYMENT

**Agatep v. Forest Lawn Mortuary**, No. BC433744 (Cal. Super. Ct. L.A. County)

**Alexander v. Chevron Stations,** No. C11-00896 (Cal. Super. Ct. Contra Costa County)

**Anzaldo v. The Original Mowbray's Tree Serv., Inc.,** No. S-1500-CV-274897 WDP (Cal. Super. Ct. Kern County)

**Ayon v. Cintas Corp., Inc.,** No. BC310696 (Cal. Super. Ct. L.A. County)

**Balderas v. Massage Envy Franchising, LLC,** No. 3:12-CV-06327 (N.D. Cal.)

**Barbosa v. Cargill Meat,** No. CV F 11-00275 SKO (E.D. Cal.)

**Bayard v. Veruzon W. Va., Inc.,** No. 1:11-CV-00132 (N.D. W. Va.)

**Bedoya v. Rubio's Rests.,** No. BC463799 (Cal. Super. Ct. L.A. County)

**Bell v. Delta Air Lines, Inc.,** No. 4:13-CV-01199 (N.D. Cal.)

**Bendana v. Custom Air Trucking, Inc.,** No. BC456055 (Cal. Super. Ct. L.A. County)

**Berg v. Zumiez Inc.,** No. BC408410 (Cal. Super. Ct. L.A. County)

**Binissia v. ABM Indusies., Inc.,** No. 13-CV-1230 (N.D. Ill.)

**Bonilla v. Agri-Empire,** No. RIC1209556 (Cal. Super. Ct. Riverside County)

**Borja v. TNT Plastic Molding,** No. 30-2012-00423018-CU-OE-CXC (Cal. Super. Ct. Orange County)

**Bradley v. Networkers, Inc.,** No. GIC 862417 (Cal. Super. Ct. San Diego County)



**CASE CITES**

## EMPLOYMENT - CONTINUED

**Brooks v. U.S. Bank, N.A.,** No. 12-CV-4935 EMC (N.D. Cal.)

**Brown v. Abercrombie & Fitch Co.,** No. 2:14-CV-01242 (C.D. Cal.)

**Bult-Ito v. Univ. of Alaska,** No. 3AN 09-7875CI (Alaska Super. Ct. Anchorage)

**Burden v. SelectQuote,** No. C10-05966 SBA (N.D. Cal.)

**Bustos v. Massage Envy Spa - Mission Valley,** No. 37-2012-00104022-CU-OE-CTL (Cal. Super. Ct. San Diego County)

**Byard v. Verizon W. Va., Inc.,** No. 1:11-CV-132 (N.D. W. Va.)

**Calhoun v. Gen. Petroleum Corp.,** No. BC425216 (Cal. Super. Ct. L.A. County)

**Caracoza v. Ephonamation.com, Inc.,** No. 30-2013-006892690-CU-CR-CXC (Cal. Super. Ct. Orange County)

**Cardenas v. Crothall Healthcare,** No. 11-4145 (C.D. Cal.)

**Carothers v. Lawry's The Prime Rib, Inc.,** No. 12-CV-10048 (N.D. Ill.)

**Cassidy v. Aldo U.S., Inc.,** No. 1:13-CV-04858 (N.D. Ill.)

**Castro v. Seaton, LLC,** No. BC516824 (Cal. Super. Ct. L.A. County)

**Chambers v. Chase Bank USA,** No. 1:11-CV-6014 (N.D. Ill.)

**Chavez v. Hat World, Inc.,** No. 1:12-CV-05563 (N.D. Ill.)

**Cherry v. Mayor and City Council of Baltimore,** No. 1:10-CV-01447 (D. Md.)

**Cioe v. Verizon Wireless,** No. 1:11-CV-1002 (N.D. Ill.)

**Cisneros v. Oasis South Ins. Servs.,** No. 37-2012-00103109-CU-OE-CTL (Cal. Super Ct. San Diego County)

**Clarke v. Insight Global, Inc.,** No. 3:13-CV-00357 (S.D. Cal.)

**Copi v. Brainfuse,** No. 11-CV-05195 (S.D.N.Y.)

**Crosby v. California Healthcare Medical Billing, Inc.,** No. 37-2011-00087583-CU-OE-CTL (Cal. Super Ct. San Diego County)

**D'Ambrosia v. Claro Italian Mkts.,** No. BC497301 (Cal. Super. Ct. L.A. County)

**Deliz v. Miller's Ale House, Inc.,** No. 13-CA-005176 (Fla. 13th Cir. Ct. Hillsborough County)

**Diaz v. Alco Iron & Metal Co.,** No. HG10517616 (Cal. Super. Ct. Alameda County)

**Diego v. JMS Prop. LLC,** No. 37-2013-00056177-CU-OE-CTL (Cal. Super. Ct. San Diego County)

**Dilts v. Penske Logistics, LLC,** No. 3:08-CV-00318 (S.D. Cal.)

**Dunlap v. Universal Sec. Corp.,** No. 10 CH 18197 (Ill. Cir. Ct. Cook County)

**Echeverria v. Adir Int'l,** No. BC395380 (Cal. Super. Ct. L.A. County)

**Epton v. AIS Servs., LLC,** No. 3:11-CV-00856-JM-POR (S.D. Cal.)

**Erickson v. QSP & TI Media Solutions, L.A.S.C.,** No. BC469830 (Cal. Super. Ct. L.A. County)



**CASE CITES**

## EMPLOYMENT - CONTINUED

**Escoto-Miranda v. Evans Tire & Serc. Cents., Inc.,** No. 37-2012-00103102-CU-OE-CTL (Cal. Super. Ct. San Diego County)

**Fabela v. Micro World Corp.,** No. BC509643 (Cal. Super. Ct. L.A. County)

**Fischer v. Nat'l Distrib. Ctr. LP,** No. RIC1114952 (Cal. Super. Ct. Riverside County)

**Fitts v. Designed Metal Connections, Inc.,** No. TC027097 (Cal. Super. Ct. L.A. County)

**Flournoy v. 3S Network, Inc.,** No. C09-00113 (Cal. Super. Ct. Contra Costa County)

**Garner v. Primedia, Inc.,** No. 30-2012-00619014-CU-06-CXC (Cal. Super. Ct. Orange County)

**Gonzales v. Downtown LA Motors LP,** No. BC350769 (Cal. Super. Ct. L.A. County)

**Gonzalez v. RC Packing, LLC,** No. M108764 (Cal. Super. Ct. Monterey County)

**Grant v. Convergys Corp.,** No. 4:12-cv-000496-CEJ (E.D. Mo.)

**Haro v. Cotti Foods Corp.,** No. BC407056 (Cal. Super. Ct. L.A. County)

**Hobbs v. Ace Industrial Supplies, Inc.,** No. BC466122 (Cal. Super. Ct. L.A. County)

**Holsted v. R.J. Noble Co.,** No. 30-2010-00379770 (Cal. Super. Ct. Orange County)

**Jones v. TNT Self-Storage Mgmt., Inc.,** No. 30-2011-00513903-CU-OE-CXC (Cal. Super. Ct. Orange County)

**Kavousy v. The Western and Southern Life Ins. Co.,** No. 8:12-CV-2109 AG (C.D. Cal.)

**Kay v. Asian Rehabilitation Servs. Inc.,** No. BC442795 (Cal. Super. Ct. L.A. County)

**Khweye v. Leaders Fin. Co.,** No. ESX-L-5584-10 (N.J. Super. Ct. Essex County)

**King v. Build.com, Inc.,** No. 159985 (Cal. Super. Ct. Butte County)

**Kinney v. Harvest Al Mgmt. Sub, LLC,** No. 2:12-CV-02716-TLN-CKD (E.D. Cal.)

**Kulvicki v. Pick-N-Pull Auto Dismantlers,** No. RG11560441 (Cal. Super. Ct. Alameda County)

**Las v. ABM Indus. Inc.,** No. 1:11-CV-05644 (N.D. Ill.)

**Las v. District Towing, Inc.,** No. 12-CV-5538 (N.D. Ill.)

**Lopez v. Pioneer Med. Group, Inc.,** No. BC496710 (Cal. Super. Ct. L.A. County)

**Macias v. Sun Grown Organic Distrib., Inc.,** No. 37-2012-00095817-CU-OE-CTL (Cal. Super. Ct. San Diego County)

**Magee v. Am. Residential Servs., LLC,** No. BC423798 (Cal. Super. Ct. L.A. County)

**Martinez v. John Morrell & Co.,** No. 1-11-CV-198307 (Cal. Super. Ct. Santa Clara County)

**Myart v. AutoZone, Inc.,** No. 05CC03219 (Cal. Super. Ct. Orange County)

**Neponoceno v. El Puerto Berry Farms, LLC,** No. 56-2014-00451373-CU-OE-VTA (Cal. Super. Ct. Ventura County)

**Nimely v. Randstad Gen. Partner (US), LLC,** No. 1:12-CV-10431 (N.D. Ill.)



**CASE CITES**

## EMPLOYMENT - CONTINUED

**O'Brien v. Cathy Jean, Inc.,** No. 37-2011-00085539-CU-OE-CTL (Cal. Super. Ct. San Diego County)

**Office of Fed. Contract Compliance Programs, U.S. Dep't of Labor v. Cargill Meat Solutions Corp.,** No. 2012-OFC-00001 (DOLOALJ)

**Ortiz v. CVS Caremark Corp.,** No. 12-CV-05859-EDL (N.D. Cal.)

**Park v. Staples the Office Superstore LLC,** No. BC449815 (Cal. Super. Ct. L.A. County)

**Pina v. Con-way Freight,** No. C10-00100 (N.D. Cal.)

**Recendez v. Tidwell,** No. 56-2011-00404761-CU-OE-VTA (Cal. Super. Ct. Venture County)

**Robinson v. Defender Sec. Co.,** No. RG10505016 (Cal. Super. Ct. Alameda County)

**Rocha v. Royal Oaks,** No. 5:12-CV-01303 (N.D. Cal.)

**Rodriguez v. Fred Loya Ins.,** No. BC491770 (Cal. Super. Ct. L.A. County)

**Roque v. Pick-N-Pull Auto Dismantlers,** No. 34-2012-00118782 (Cal. Super. Ct. Sacramento County)

**Rosero v. East L.A. Doctors Hosp., LP,** No. BC505483 (Cal. Super. Ct. L.A. County)

**Rothberg v. Crunch LLC,** No. CGC 12-519740 (Cal. Super. Ct. San Francisco County)

**Russell v. EF International Language Schs,** No. BC481435 (Cal. Super. Ct. L.A. County)

**Saba Mungaray v. Corovan Moving & Storage Co.,** No. 30-2012-00618398-CU-OE-CXC (Cal. Super. Ct. Orange County)

**Sano v. Southland Mgmt. Group, Inc.,** No. BC489112 (Cal Super. Ct. L.A. County)

**Salazar v. Adir Int'l,** No. BC398402 (Cal. Super. Ct. L.A. County)

**Salgado v. Shik Do Rak, Inc.,** No. BC432841 (Cal. Super. Ct. L.A. County)

**Sanchez v. St. Mary Med. Ctr.,** No. CIVDS 1304898 (Cal. Super. Ct. San Bernardino County)

**Scaglione v. M.O. Dion & Sons, Inc.,** No. BC425216 (Cal. Super. Ct. San Bernardino County)

**Schmaltz v. O'Reilly Automotive Stores, Inc.,** No. 4:12-CV-01056 (E.D. Mo.)

**Scott v. RailCrew Xpress, LLC,** No. 10C-000546 (Kan. Dist. Ct. Shawnee County)

**Shackleford v. Cargill,** No. 12-CV-4065-FJG (W.D. Mo.)

**Solorio v. Angelica Textile Servs, Inc.,** No. 5:12-CV- 03569 (N.D. Cal.)

**Sotelo v. Universal Indus. Finishing, Inc.,** No. 1-13-CV-239771 (Cal. Super. Ct. Santa Clara)

**Sparks v. FPI Mgmt., Inc.,** No. BC465773 (Cal. Super. Ct. L.A. County)

**Stevenson v. Falcon Critical Care Transp.,** No. CIVMSC09-00862 (Cal. Super. Ct. Contra Costa County)

**Studley v. Alliance Healthcare Servs., Inc.,** No. 8:10-CV-00067-CJC-AN (C.D. Cal)

**Tapia v. Pro's Ranch Mkts.,** No. S-1500-CV-274898 (Cal. Super. Ct. Kern County)

**Tula v ABM Indus. Inc.,** No. 1:12-CV-054-LY (W.D. Tex.)



**CASE CITES**

## EMPLOYMENT - CONTINUED

**Tuter, Bauer v. King's Seafood Co.,** No. 37-2011-00084756-CU-OE-CTL (Cal. Super. Ct. San Diego County)

**Vaca v. Famarock, Inc.,** No. BC494504 (Cal. Super. Ct. L.A. County)

**Valencia v. Mobile Mini. Inc.,** No. RG-13-684308 (Cal. Super. Ct. Alameda County)

**Valencia v. SCIS Air Sec. Corp.,** No. BC421485 (Cal. Super. Ct. L.A. County)

**Valenzuela v. United Natural Foods W., Inc.,** No. BC450168 (Cal. Super. Ct. L.A. County)

**Veliz v. Cintas Corp.,** No. 5:03-CV-1180 (N.D. Cal.)

**Villarreal v. Source Refrigeration & HVAC, Inv.,** No. 1:12-CV-00243 (W.D. Tex.)

**Vincent v. Cent. Purchasing, LLC,** No. BC458544 (Cal. Super. Ct. L.A. County)

**Warren v. SCS-Chicago,** No. 10 CH 8380 (Ill. Cir. Ct. Cook County)

**Williams v. Ill. Title Loans, Inc.,** No. 13 CH 24303 (Ill. Cir. Ct. Cook County)

**Wilson v. Continental Vending, Inc.,** No. 30-2012-00585315-CU-OE-CXC (Cal. Super. Ct. Orange County)

**Wynn v. Express, LLC,** No. 1:11-CV-04588 (N.D. Ill.)

**Zaniewski v. PRRC Inc.,** No. 3:11-CV-01535 (D. Conn.)

## BELAIRE-WEST PRIVACY NOTICE MAILINGS

**Alegria v. Student Transp. Of America, Inc.,** No. RIC1209792 (Cal. Super. Ct. Riverside County)

**Anderson v. Gulf S. Safety Consultants, LLC,** No. BC537452 (Cal. Super. Ct. L.A. County)

**Angeles v Hofs Hut Rests. Inc.,** No. BC495624 (Cal. Super. Ct. L.A. County)

**Barajas v. WHM, LLC,** No. BC491045 (Cal. Super. Ct. L.A. County)

**Bradley v. Networkers, Inc.,** No. GIC 862417 (Cal. Super. Ct. San Diego County)

**Brueske v. DHSE, Inc.,** No. RIC1205382 (Cal. Super. Ct. Riverside County)

**Castellanos v. Faro Serv. Inc.,** No. BC509830 (Cal. Super. Ct. L.A. County)

**Davis v. St. Jude Hospital,** No. 30-2012-00602596-CU-OE-CXC (Cal. Super. Ct. Orange County)

**East v. Aces,** No. 11CECG04226 (Cal. Super. Ct. Fresno County)

**Erickson v. QSP & TI Media Solutions, L.A.S.C.,** No. BC469830 (Cal. Super. Ct. L.A. County)

**Fitts v. Designed Metal Connections, Inc.,** No. TC027097 (Cal. Super. Ct. L.A. County)

**Franco v. Flight Line Products, Inc.,** No. BC497382 (Cal. Super. Ct. L.A. County)

**Gonzales v. Corsair Elec. Connectors, Inc.,** No. 30-2012-00594399-CU-OE-CXC (Cal. Super. Ct. Orange County)

**Gutierrez v. Commerce Casino,** No. BC360704 (Cal. Super. Ct. L.A. County)

**Huizar v. Newport Serv. Corp.,** No. 30-2010-00430372-CY-OE-CXC (Cal. Super. Ct. Orange County)



**CASE CITES**

## BELAIRE-WEST PRIVACY NOTICE MAILINGS - CONTINUED

**Jaramillo-Tabar v. Nakase Bros. Wholesale Nursery,** No. 30-2012-00587417 (Cal. Super. Ct. Orange County)

**Krajec v. Mission Hospital Regional Medical Cent.,** No. 30-2012-00602596-CU-OE-CXC (Cal. Super. Ct. Orange County)

**Linares v. PCAM, LLC,** No. BC487188 (Cal. Super. Ct. L.A. County)

**Murray v. Ralph's Grocery Co.,** No. RIC1105977 (Cal. Super. Ct. Riverside County)

**Navarro v. KJ Beck's, Inc.,** No. BC509096 (Cal. Super. Ct. L.A. County)

**Ornelas v. RVGC Partners, Inc.,** No. BC500123 (Cal. Super. Ct. L.A. County)

**Read v. Howroyd-Wright Emp't Agency, Inc.,** No. BC449744 (Cal. Super. Ct. L.A. County)

**Robinson v. Airgas On-Site Safety Servs., Inc.,** No. BC523502 (Cal. Super. Ct. L.A. County)

**Rodriguez v. E.M.E., Inc.,** No. BC518692 (Cal. Super. Ct. L.A. County)

**Rodriguez v. Equinox Holdings, Inc.,** No. BC437283 (Cal. Super. Ct. L.A. County)

**Sanchez v. CPG Foods, LLC,** No. BC487187 (Cal. Super. Ct. L.A. County)

**Scott-George v. PVH Corp.,** No. 13-CV-00441-TLN-DAD (E.D. Cal.)

**Serrano v. Triumph Structures-Los Angeles, Inc.,** No. BC507112 (Cal. Super. Ct. L.A. County)

**Shiferaw v. Sunrise Senior Living Mgmt., Inc.,** No. 2:13-CV-02171-JAK-PLA (C.D. Cal.)

**Smith v. Space Exploration Technologies Co., Inc.,** No. BC486776 (Cal. Super. Ct. L.A. County)

**Vagle v. Archstone Cmtys., LLC,** No. 2:13-CV-9044 RGK (C.D. Cal)

**Vidales v. Windset Farms (Cal.), Inc.,** No. 1456106 (Cal. Super. Ct. Santa Barbara County)

**Walsh v. Pacific Bell Tel. Co.** No. 30-2011-00498062-CY-OE-CXC (Cal. Super. Ct. Orange County)

**Wilson v. Rock-Tenn Co., Inc.,** No. BC488456 (Cal. Super. Ct. L.A. County)

**Zamora v. Cardenas Markets, Inc.,** No. BC505451 (Cal. Super. Ct. L.A. County)

## GOVERNMENT

**Lopez-Venegas v. Jeh Johnson,** No. 2:13-CV-03972 (C.D. Cal.)

## PRIVACY

**Avery v. Boyd Bros. Transp., Inc.,** No. 4:13-CV-00579 (W.D. Mo.)

**Caffarello v. ADS Logistics Co., LLC,** No. 1:12-CV-08300 (N.D. Ill.)

**Diparvine v. A.P.S., Inc. d/b/a Car Quest Auto Parts,** No. 11-CV-6116 (N.D. Ill.)

**Edwards v. Impairment Res., LLC,** No. 112CV220583 (Cal. Super. Ct. Santa Clara County)



**CASE CITES**

## PRIVACY - CONTINUED

**Fun Servs. of Kansas City, Inc. v. Hertz Equip. Rental Corp.,** No. 08-CV-03944 (Kan. Dist. Ct. Johnson County)

**Gordon v. Feinstein Raiss Kelin & Booker, LLC,** No. 3:13-CV-00089 (D. N.J.)

**Johnson v. Midwest Logistics Systems, Ltd.,** No. 2:11-CV-1061 (S.D. Ohio)

**Schulz v. Rushmore Service Center, LLC,** No. 2:13-CV-00105 (E.D. Wis.)

**Yaakoby v. EagleRider,** No. 1:09-CV-5772 (N.D. Ill.)

## ANTITRUST

**Kansas City Urology Care, PA, v. Blue Cross Blue Shield of Kansas City, Inc.,** No. 0516-CV-04219 (Mo. Cir. Ct. Jackson County)

## SECURITIES

**Capgrowth v. Franklin Elec. Publishers, Inc.,** No. BUR-C-043-09 (N.J. Super. Ct. Ch. Div. Burlington County)

**Waterford Twp. General Emps. Ret. System v. Bankunited Fin. Corp.,** No. 1:08-CV-22572-MGC (S.D. Fl.)

**Williams v. Colonial Prop. Trust,** No. 01-CV-2013-902416.00 (Ala. Cir. Ct. Jefferson County)

## PERSONAL INJURY

**Gray v. Derderian,** No. 1:04-CV-312 (D. R.I.)



**CASE CITES**

**PREVIOUS CASES – JEFF AND KRISTIN DAHL**

---

## CONSUMER

Aks v. Southgate Trust Co., No. 92-2193-L (D. Kan.)

Alachua Gen. Hosp. v. Greene, No. 90-3359-CA (Fla. Cir. Ct. Alachua County)

Gray v. Derderian, No. 04-312L (D. R.I.)

Arscott v. Humana Hosp. Daytona Beach, No. 91-2478-CI-CI (Fla. Cir. Ct. Volusia County)

Benacquisto v. Am. Express Fin. Corp., No.00-1980 DSD (D. Minn.)

Bokusky v. Edina Realty, Inc., No. 3-92--223 (D. Minn.)

Bonilla v. Trebol Motors Corp., No. 92-1795(JP) (D. P.R.)

Bunch v. Rent-A-Center, Inc., No. 00-0364-CV-W-3 (W.D. Mo.)

Burney v. Thorn Ams., Inc., No. 97-CV.-1596 (Wis. Cir. Ct. Racine County)

Circle Plumbing v. Ferguson, No. 92-036478 (Tex. Dist. Ct. Harris County)

Cook v. LADA, No. 94-1730 (W.D. La.)

Crocker v. Sunshine Corp., No. 93-2224-H/A (W.D. Tenn.)

Dismuke v. Edina Realty, Inc., No. 92-8716 (Minn. Dist. Ct. Hennepin County)

Dyson v. Flagstar Corp., No. DKC93-1503 (D. Md.)

Fed. Trade Comm'n v. Mylan Labs., Inc., No. 1:98-CV-3114 (TFH) No. 990276 (TFH/JMF)

Garcia v. Houston Nw. Medical Ctr., Inc., No. H-94-2276, (S.D. Tex.)

George v. BancOhio Nat'l Corp., No. C2-92-314 (S.D. Ohio)

Gutterman v. Am. Airlines, Inc., No. 95 CH 982 (Ill. Cir. Ct. Cook County)

Hartings v. Am. Express Co., No. 88-0744 (W.D. Pa.)

Hinton v. ColorTyme Inc., No. 94-CV. 5198 (Wis. Cir. Ct. Milwaukee County)

In re Compact Disc Minimum Advertised Price Antitrust Litig., No. 1361 (D. Me.)

In re Toys R Us Antitrust Litig., No. 98 M. D. L. 1211 (NG) (JLC) (E.D. N.Y.)

LaMontagne v. Hurley State Bank, No. 97-30093-MAP (D. Mass.)

Nitti v. Edina Realty, Inc., No. 3-92--386 (D. Minn.)

Ridgeway v. Denny's California, No. C93-20202 JW (PV.T) (N.D. Cal.)

Rowland v. Goldkist, Inc., No. CV. 94-106 (Ala. Cir. Ct. Walker County)

Sparano v. Southland Corp., No. 04 C 2098 (N.D. Ill.)

Connecticut v. Mylan Labs., Inc., No. 1:98-CV-3115 (TFH) Misc. No. 990276 (TFH/JMF) (D.D.C.)

Thomas v. Charles Schwab & Co., Inc., No. 66,7000 (La. Dist. Ct. Natchitoches Parish)



**CASE CITES**

## CONSUMER - CONTINUED

Toledo Fair Hous. Ctr. v. Nat'l Mut. Ins. Co., No. 93-1685 (Ohio C.P. Lucas County)

U.S. v. Am. Family Mut. Ins., No. 90-C-0759 (E.D. Wis.)

Weiss v. Washington, No. 99-2-11807-3 KNT (Wash. Super. Ct. King County)

Weissberg v. Delta Air Lines, Inc., No. 88 CH 4846 (Ill. Cir. Ct. Cook County)

Whitson v. Heilig-Meyers Furniture Co., No. CV. 94-PT-0309-E (N.D. Ala.)

Wolens v. Am. Airlines, Inc., No. 88CH 7554 (Ill. Cir. Ct. Cook County)

Woosley v. California, No. CA 000499 (Cal. Super. Ct. L.A. County)

Yoel v. N.J. Nat'l Bank, No. 94-4675 (MLP) (D. N.J.)

## EMPLOYMENT

Allen v. Thorn Ams., Inc., Case No. 97-1159-CV.-W-SOW (W.D. Mo.)

Babbitt v. Albertson's Inc., No. C92-1883 WHO (N.D. Cal.)

Berquist v. Am. Family Mut. Ins. Co., No. 96CV (Wis. Cir. Ct. St. Croix County)

Borja v. Wal-Mart Stores, Inc., No.98-CV-119 (Colo. Dist. Ct. Las Animas County)

Brunson v. City of New York, No. 94 Civ. 4507 (LAP) (S.D.N.Y.)

Forbush v. J. C. Penney Co., No. 3:90-2719-X, No. 3:92-0109-X (N.D. Tex.)

Hofer v. Capitol Am. Life Ins. Co., No. 336 (Wyo. Dist. Ct. Goshen County)

Hoffman v. Sbarro, Inc., No. 982 F. Supp. 249 (S.D.N.Y.)

Khan v. Denny's Holdings, Inc., No. BC 177254 (Cal. Super. Ct. L.A. County)

Merk v. Jewel Foods, No. 85 C 7876 (N.D. Ill.)

OCAW v. Am. Home Prods., No. 92-1238 (JP) (D.P.R.)

Stender v. Lucky Stores, Inc., No. 88-1467 (N.D. Cal.)

Taylor v. O' Charley's, No. 3-94-0489 (M.D. Tenn.)

Wooten v. Dillard's Inc., No. 99-0990-CV-W-3-ECF (W.D. Mo.)



**CASE CITES**

## INSURANCE

**Barnicle v. Am. Gen. Corp., No. EC 011 865 (Cal. Super. Ct. San Diego County)**

**Beavers v. Am. Gen. Fin., Inc., No. CV.-94-174 (Ala. Cir. Ct. Walker County)**

**Blanke v. Lincoln Nat'l Life Ins. Co., No. 512,048 Div. K (La. Dist. Ct. Jefferson Parrish)**

**Bussie v. Allmerica, No. 97-40204 (D. Mass.)**

**Danko v. Erie Ins. Exch., No. 298 1991 G.D. (Pa. C.P. Fayette County)**

**Elkins v. Equitable Life Ins. Co. of Iowa, No. 96-296-CIV.-T-17B (M.D. Fla.)**

**Garst v. Franklin Life Ins. Co., No. 97-C-0074-S (N.D. Ala.)**

**Green v. Metro. Ins., No. 969547 (Cal. Super. Ct. S.F. County)**

**Hearth v. First Nat'l Life Ins. Co. of Am., No. 95-818- T-21A (M.D. Fla.)**

**In re Lutheran Bhd. Variable Ins. Prods. Co., No. 99-MD-1309 (PAM/JGL)**

**In re Metro. Life Ins. Co., No. 96-179 MDL No. 1091 (W.D. Pa.)**

**In re Nat'l Life Ins. Co., No. 2-97-CV.-314 (D. Vt.)**

**Jordan v. State Farm Life Ins., No. 97 CH 11 (Ill. Cir. Ct. McLean County)**

**Kolsrud v. Equitable Life Ins. Co. of Iowa, No. 320838 (Ariz. Super. Ct. Pima County)**

**Kreidler v. W.-S. Life Assurance Co., No. 95-CV-157 (Ohio C.P. Erie County)**

**Lee v. USLIFE Corp., No. 1:97CV. -55-M (W.D. Ky.)**

**Levin v. Am. Gen. Life Ins. Co., No. 3-98-0266 (M.D. Tenn.)**

**Ludwig v. Gen. Am. Life Ins. Co., No. 4:97CV.18920 CDP (E.D. Mo.)**

**McNeil v. Am. Gen. Life & Accident Co., No. 3-99-1157 (M.D. Tenn.)**

**Reyes v. Country Life Ins. Co., No. 98 CH 16502 (Ill. Cir. Ct. Cook County)**

**Thompson v. Metro. Life Ins. Co., No. 00 Civ. 5071 (HB) Also applies to No.00 Civ, 9068, No.01-2090 & No. 01 Civ. 5579 (U.S. Dist. Ct. S.D. N.Y.)**

**Woodley v. Protective Life Ins. Co., No. CV. 95-005 (Ala. Cir. Ct. Fayette County)**



CASE CITES

## PRODUCT LIABILITY

**Ahearn v. Fibreboard, No. 6:93cv.526 (E.D. Tex.)**

**Cox v. Shell Oil Co., No. 18,844 (Tenn. Ch. Ct. Obion County)**

**Garza v. Sporting Goods Props. Inc., No. SA 93-CA-1082 (W.D. Tex.)**

**Hart v. Central Sprinkler Corp., No. BC176727 (Cal.Super. Ct. L.A. County)**

**In re Louisiana-Pacific Corp. Inner-Seal Oriented Strand Bd. Trade Practices Litig., No. C96-2409 VRW (Mellett), No. C96-2468 VRW (Stewart) No. C95-3178 VRW(Aguis)**

**In re Rio Hair Naturalizer Prods. Liab. Litig., No. 1055 (E.D. Mich.)**

**Ruff v. Parex, Inc., No. 96-CV.-500-59 (E.D.N.C.)**

**Salah v. Consolidated Indus., Inc., No. CV 738376 (Cal. Super. Ct. Santa Clara County)**

## PROPERTY

**Anderson v. Cedar Grove Composting, Inc., No. 97-2-22820-4SEA (Wash. Super. Ct. King County)**

**Black v. Fag Bearings Corp., No. CV.396-264CC (Mo. Cir. Ct. Newton County)**

**Branin v. Asarco, Inc., No. C93-5132 (B) WD (W.D. Wash.)**

**Brighton v. Cedar Grove Composting, No. 97-2-21660-5 SEA (Wash. Super. Ct. King County)**

**Campbell v. Paducah & Louisville Ry., Inc., No. 93-CI-05543 (Ky. Cir. Ct. Jefferson County)**

**Comfort v. Kimberly-Clark Corp., No. DV. -90-616 (Ala. Cir. Ct. Shelby County)**

**Vicwood v. Skagit, No. 00-2-00665-6 (Wash. Super. Ct. Thurston County)**

## BANKRUPTCY

**In re Celotex Corp., No. 90-10016-8B1, 90-10017-8B1 (M.D. Fla.)**

**In re Raytech Corp., Case No. 89-00293 (Bankr. Ct. Conn.)**

**In re the Babcock & Wilcox Co., No. 00-0558 Bankr Case No. 00-10992 Sect: "R" (5) (U.S. Dist. Ct. E.D. La.)**

**In re U.S. Brass Corp., No. 94-40823S (Bankr. Ct. E.D. Tex.)**

**In re W.R. Grace & Co., No. 01-01139 (Bankr. Ct. Del.)**



**CASE CITES**

## SECURITIES

**Eilers Furs of Rapid City v. US West Commc'ns, Inc., No. 92-5121 (D.S.D.)**

**Finucan v. Egghead, Inc., No. C93-1268WD (W.D. Wash.)**

**Global Research Analyst Settlement, (M.D. N.Y.)**

**In re Chambers Dev. Corp. Sec. Litig., No. 982 (W.D. Pa.)**

**United States Sec. Exch. Comm'n v. HealthSouth Corp., No. CV-03-J-06515S (N.D. Ala.)**

**In re Banc of America Sec. LLC, File No. 3-12591 (Secs. Exch. Comm'n)**

**United States Sec. Eexch. Comm'n v. MBIA, No. 07Civ. 658 (LLS) (S.D.N.Y.)**

**United States Sec. Exch. Comm'n v. Fed. Nat'l Mortg. Assoc., No. 1:06-CV-00959 (RJL) (D.D.C.)**

## BELAIRE-WEST PRIVACY NOTICE MAILINGS

**Berg v. Zumiez, Inc., No. BC408410 (Cal. Super. Ct. L.A. County)**

**Exhibit 2**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 7892 |
| v. | ) ) | Judge Zagel |
| IMAX CHICAGO THEATRE LLC d/b/a IMAX Navy Pier and d/b/a Navy Pier IMAX, a Delaware limited liability company, | ) ) ) ) | Magistrate Martin |
| Defendant. | ) ) ) | |

**AFFIDAVIT OF JOHN GRUDNOWSKI IN SUPPORT OF**
**THE SETTLEMENT NOTICE PLAN**

I, John Grudnowski, being duly sworn and deposed, say:

1.      I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2.      I am Founder and CEO of FRWD Co. ("FRWD"), a digital marketing firm based in Minneapolis, Minnesota.  My firm has been asked by Dahl Administration, LLC ("Dahl") to partner in the design and execution of the Notice Plan for the settlement in the above-captioned action (the "Settlement").

3.      I have more than 18 years of experience in marketing and public relations. In the past 13 years, I have focused exclusively on digital media.  In addition to founding FRWD in 2009, I also co-founded a Minneapolis-based media organization, i612, which

provides educational content to the Minneapolis/St. Paul marketing community. I also serve as an Adjunct Professor in Digital Marketing at the University of Minnesota's Carlson School of Management.

4.      My work has involved designing, executing, and validating digital media advertising and communications campaigns. The technologies and tools described herein are well-accepted, leading practices in the digital advertising world and are directly transferable and applicable to the execution of an effective class action notice plan.

5.      This affidavit describes advertising industry trends and practices as well as the media approach and methodology for the Notice Plan for the Settlement.

6.      FRWD and Dahl constructed the Notice Plan to be consistent with, and to take advantage of, how individuals consume media and locate information today. Specifically, we are leveraging email and digital components including desktop web banners, mobile web banners, and social media, as described in the Affidavit of Jeffrey D. Dahl. Leveraging how today's consumer accesses media enables us to construct a more robust, action-oriented notification plan. In addition, as we constructed the Notice Plan, we focused on demographic information provided by Defendants specific to their customer base. This information enables us to better target our Notice Plan and reach potential Class Members. Specifically, our Notice efforts will focus targeting on the Chicago "Movie Going" audience of 4.3 million people, and more specifically targeting greater than 80% of our impressions with a 25-mile radius point of the Navy Pier IMAX theater. Within this target we estimate 250,000 IMAX Movie-Goers based upon the fact

that 8% of movie tickets sold are by IMAX theaters.[1] These audiences were selected based on demographic information as stated above as well as through research conducted by me and my staff at FRWD using tools provided by Gfk MRI, Facebook, comScore and Google. Our Notice Plan will focus on the 4.3 million Chicago Movie-Goers, plus a nationwide audience of Navy Pier IMAX audience seekers and will reach a projected 2 million unique persons in total.

7.     Among the email, at-box-office, and online components of the Notice Plan, our tools indicate we will produce over 11 million impressions and reach greater than 80% of the settlement class.

## **FRWD BACKGROUND**

8.     Over the past four years, my company has planned, managed, executed, and reported on thousands of individual digital & traditional (TV, Print, Radio, Out of Home (OOH)) executions for some of the world's largest brand advertisers and business-to-business organizations.  FRWD clients have included American Express, L'Oreal, Best Buy, General Mills, Colgate, and 3M.

9.      "Digital media executions" are advertising, communications, or marketing activities directed at the online audience.  Digital media executions can be a single event or a more coordinated, long-term campaign, and are done using online advertising tactics such as paid search, display, video, social media, and other forms of paid media.  Each of these approaches is designed to reach a defined target audience in the online spaces where people increasingly seek and obtain information. In executing this Notice Plan,

---

[1] Mark Hughes, July 24th 2015, Forbes Magazine

FRWD will employ display tactics—specifically, placing banner advertisements on specific websites and mobile applications—to reach our intended audience.

10.     In my past five years as CEO of FRWD, and in my previous eight years in digital media marketing, I have overseen all aspects of digital & traditional media executions, ranging from strategic and creative design, to planning, to identification of technology partners, to integration of technology, to media buying, to optimizations of media executions. I have personally managed more than $120 million in digital and traditional media executions.  I have been hired by Fortune 500 clients to train their internal teams on digital media technology and management.  I have hired and trained more than 100 employees and personally integrated third-party, industry-leading technologies such as DoubleClick DFA, comScore, Terminal One, Nielsen and others which enable greater control of reach/frequency management, audience targeting, and verification, all of which will be applied in this case to implement an effective class action Notice Plan.  In addition to digital media executions, I have personally overseen advertising programs that included digital and print as well as and digital and television. In 1999-2000, I personally managed newspaper and Outdoor advertising placements for Northwest Airlines.  This experience at all stages of a media campaign, from planning through execution and training, provides a solid foundation of experience that informs my work on this Notice Plan.

11.     As part of FRWD's execution of multimedia campaigns, we have planned, designed, built, placed, and reported on thousands of individual web-based creative assets

such as banner ads, websites, keyword search ads, Facebook landing pages, and other forms of content development.

12.    Areas of special expertise and focus for FRWD include local (city and state level) and national advertising focused on achieving specific reach and frequency targets. We use all of the digital tactics listed above.  Over the past five years, FRWD has completed more than 800 individual digital media campaigns focused on a specific locale (geo-footprint), combined with audience targeting and very specific reach and frequency goals.  We have done so for brands including Cheerios, Wheaties, Yoplait, Covergirl, Olay, Charmin, and Colgate.

## ADVERTISING TRENDS

13.    In the past decade, and specifically within the past few years, consumers have significantly shifted their consumption of media from print-based consumption to online-based consumption.   In response to this consumer shift in consumption, advertisers have shifted their spending from print-based to online-based advertising.

14.    The major driver behind these shifts is technology and its impact on consumers' time with media each day.  As reported by eMarketer,[2] U.S. adults in 2008 spent a combined 63 minutes every day reading magazines and newspapers.[3]  In 2011,

---

[2] eMarketer aggregates more than 4,000 sources of digital marketing and media research and publishes objective analysis of internet market trends.  For more than a decade, leading brands and agencies have relied on eMarketer as a recognized resource for data, analysis, and insights on digital marketing, media, and commerce.  eMarketer clients include Google, General Motors, and Kimberly Clark.  FRWD is also a client.

[3] eMarketer, Dec., 2011.

that number had declined to 44 minutes per day, a decline in usage of 30%.[4]  During that same time period, daily time spent online increased 21%, to 167 minutes per day on average.  When including mobile Internet usage, that number jumps to a 37% increase and a total of 232 minutes per day for the average U.S. adult.[5]  Thus, people presently are spending about four to five times more time consuming information online than reading newspapers and magazines.



15.     The data on the total percentage of the average U.S. adult's interaction with media are similar.  Time online (mobile + traditional Internet) in 2010 made up 33.3% of the average person's total media consumption each day.  Newspapers and magazines combined for 8.2% of the average person's consumption, down from 10.8% in 2008.[6]

16.     This shift in consumer consumption of media has led to widespread adoption of online advertising and a concurrent decline in reliance on print media.

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

Industry-wide, this impact is evident from another eMarketer study. In the year 2000, advertisers spent a collective $72.68 billion on magazine and newspaper advertising.[7] In 2005, this number increased to $74.14 billion. It has since been on a significant and steady decline, totaling $51.54 billion in 2009 and projecting to $31.42 billion in 2012.[8]

17. Unsurprisingly, advertisers have shifted their expenditures to meet consumers where they are: online. In 2000, advertisers spent $6.0 billion online. In 2005, that number increased to $10.0 billion. In 2009, the amount dedicated to online advertising reached $20.3 billion.[9] In 2012, the amount dedicated to online advertising reached $36.6 billion.[10]



---

[7] ZenithOptimedia, Apr. 7, 2010; provided to eMarketer by StarcomMediaVest Group, June 1, 2010.

[8] *Supra* note 5.

[9] *Supra* note 6.

[10] Internet Advertising Bureau Revenue Report, http://www.iab.net/AdRevenueReport.

18. I have personally participated in this evolution from print to digital advertising and understand advantages that digital media tools offer. It is my opinion that using digital advertising in this Notice Plan offers an effective route to reach Settlement Class Members and inform them about the Settlement.

## DEFINITION OF TARGET: AUDIENCE TARGETING AND VERIFICATION

19. Online advertising affords multiple options to reach and verify that the Settlement Class Members were exposed to the Notice. In the course of targeting, FRWD worked with Dahl to balance targeting and efficiency in reaching Settlement Class Members most effectively.

20. We have the ability to target individuals according to different demographic and psychographic (lifestyle and interest) characteristics. This is done by focusing our notification advertising on specific websites (domains) which index highly against our core target. As indicated in Paragraph 6 above, this notification plan is focused primarily on a Chicago-Area audience of Movie-Goers with a specific context of IMAX movie goers. Leveraging industry-leading digital tools such as comScore and Google, FRWD has selected dozens of movie- and entertainment-focused websites which our audience visits at a rate of 50% greater than the typical Internet population, and 9 of the top 10 movie-related mobile apps. [11] These custom lists are a best practice in consumer advertising and will further strengthen our ability to provide notice to Settlement Class Members in this plan. In this case, control of the websites and apps that show the Notice,

---

[11] Based on total downloads from the Apple iTunes App Store.

and where the Notice banner will appear on those websites, provides a higher likelihood of successfully exposing Settlement Class Members to the Notice.

21.     A full list of specific website domains and mobile applications on our list of potential targets is included as Exhibit 3 to the Affidavit of Jeffrey D. Dahl.

22.     In addition to selecting specific websites, we are leveraging Facebook Interest Targeting[12] which provides the opportunity to reach Settlement Class Members based on information they have added to their Facebook timelines.  This considers information such as the Facebook Pages they like, apps they use, and other information they have added to their timelines.

## CONNECTION TO THE NOTICE WEBSITE

23.     All digital communication in the form of web-based banners and keyword search ads will be connected to the notice website.  All social media ads will also be connected to the notice website. Specifically, the banner ads will list the Settlement website, and users who click on our banner advertisements will be routed directly to the Settlement website, where they will find information in greater detail.  This combination of reaching our audience and connecting to greater detail via the Settlement website provides us with a comprehensive approach to reaching Settlement Class Members.

24.     In addition, FRWD will leverage Google Analytics[13] ("GA") on the Settlement website.  By using GA, FRWD can showcase reporting on the engagement of

---

[12] Facebook, https://www.facebook.com/help/131834970288134/.

[13] Google Analytics is a service offered by Google that generates detailed statistics about the visitors to a website.  GA can track visitors from all referring websites, including

the Settlement Class Members on our Settlement website. Specifically, GA will measure the most highly trafficked content and the total number of Settlement Class Members performing specific actions, such as the number of visitors, the number of pages viewed, the time spent, and the number of documents downloaded by type.

## **CONCLUSION**

25. Based on my experience in designing and executing digital outreach and marketing plans, as well as industry best practices, it is my opinion that the published notice component of the Notice Plan will effectively reach Settlement Class Members and contribute to an overall projected class member reach of greater than 80%.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge. Executed this 26th day of October, 2015 in Minneapolis, Minnesota.

John Grudnowski
CEO
FRWD Co.

Sworn to and Subscribed before me
this ____ day of October, 2015.

Notary Public



NANCY A. BAKER
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2017

search engines, display advertising, pay-per-click networks, email marketing, and other traffic sources.

# Exhibit 3

**Movie / Entertainment Channel**

abc.com
accesshollywood.com
aceshowbiz.com
agoodmovietowatch.com
allaccess.com
allentheatresinc.com
allflicks.net
allmusic.com
allure.com
americancatholic.org/movies/
aol.com
artofmanliness.com
audible.com
bestmoviesonnetflix.com
bigscreen.com
blogcritics.org
bossip.com
boxofficemolo.com
buzzlie.com
buzznet.com
candiest.com
catholicnews.com/movies.cfm
celeb-face.com
celebdailynews.com
celebrity.yahoo.com
chasingthefrog.com
cinematreasures.org
cmt.com
columbiarecords.com
comingsoon.net
cosmopolitan.com
craveonline.com
dailymail.co.uk
disneymovieslist.com
drive-ins.com
dvdsreleasedates.com
dvdtalk.com
elle.com
ellentv.com
empireonline.com
enstarz.com

entertainment.ie
eonline.com
esquire.com
essence.com
etonline.com
fandango.com
film.com
filmcrave.com
filmjabber.com
filmjunkee.com
filmsite.org
flixter.com
getscreening.com
glamour.com
goodhollywood.com
goodmenproject.com
goodmovieslist.com
gossipcenter.com
gq.com
highdefdigest.com
historyvshollywood.com
hollywoodlife.com
hollywoodnewsdaily.com
hollywoodreporter.com
hulu.com
imdb.com
interscope.com
last.fm
lifeandstylemag.com
livenation.com
localguides.com
megaplextheatres.com
members.cdbaby.com
metacritic.com
mirror.co.uk
movie-locations.com
movieclock.com
moviefanatic.com
moviefone.com
moviehole.net
movieinsider.com
moviemistakes.com
movienewz.com

moviepilot.com
moviereviews.com
movies-films.us
movies.com
movieseum.com
moviestillsdb.com
moviestvnetwork.com
movietickets.com
moviewavs.com
movieweb.com
msn.com
mtv.co.uk
mtv.com
mtvhive.com
myspace.com
newdvdreleasedates.com
newyorker.com/magazine/the-current cinema
nextmovie.com
npr.org
nytimes.com
okmagazine.com
pbs.org
people.com
perezhilton.com
playlist.com
popcornflix.com
popsugar.com
regmovies.com
rhapsody.com
rockband.com
rogerebert.com
rollingstone.com
rottentomatoes.com
scified.com
screencrush.com
screenrant.com
showbiz411.com
showtimes.com
smittyscinema.com
snagfilms.com
soundcloud.com
spotify.com

style.com
tasteofcinema.com
thehollywoodgossip.com
tmz.com
twitter.com
usmagazine.com
vevo.com
vh1.com
vh1la.com
wearemoviegeeks.com
Yahoo.com

**Apps**
Flixster
rotten
tomatoes
fandango
movies.com
IMDB
Showtimes
Lifehacker
Yahoo
Aol

# Exhibit 4

Web and Mobile Banners

Did you attend the IMAX theater at Navy Pier and pay by credit-debit card?

**A Class Action Settlement May Affect Your Rights.**



Did you attend the IMAX theater at Navy Pier and pay by credit-debit card?

**A Class Action Settlement May Affect Your Rights.**

Visit the Settlement Site for More Details

Did you attend the IMAX theater at Navy Pier and pay by credit-debit card?

**A Class Action Settlement May Affect Your Rights.**

CLICK HERE FOR MORE INFORMATION

Did you attend the IMAX theater at Navy Pier and pay by credit-debit card?

**A Class Action Settlement May Affect Your Rights.**

Visit the Settlement Site for More Details

Social Media

Visit the Settlement Site for More Details

**Navy Pier IMAX Settlement**
www.IMAXChicagoCardSettlement.com
Did you attend the IMAX theater at Navy Pier and pay by credit-debit card?

**Navy Pier IMAX Settlement**
www.IMAXChicagoCardSettlement.com

CLICK HERE FOR MORE INFORMATION

Did you attend the IMAX theater at Navy Pier and pay by credit-debit card?

Keyword Search

**Class Action Settlement**
www.IMAXChicagoCardSettlement.com
 Attend the IMAX at Navy Pier?
Your Rights May Be Affected.