UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | No. 13 C 7892 |
| v. ) ) | Magistrate Judge Martin |
| IMAX CHICAGO THEATRE LLC ) d/b/a IMAX Navy Pier and d/b/a Navy Pier IMAX, ) a Delaware limited liability company, ) ) | |
| Defendant. ) | |

## PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the joint request of Plaintiff and Defendant for preliminary approval of a Class Action Settlement Agreement and Release as revised pursuant to *Plaintiff's Motion for Preliminary Approval of Class Action Settlement Agreement* [DE 53] (collectively, the "Settlement Agreement") and having considered the papers submitted to the Court and proceedings to date, **THE COURT FINDS AS FOLLOWS**:

1. The Settling Parties have reached an agreement to settle all claims in the Lawsuit;

2. For purposes of settlement only, the Court preliminarily concludes that the Settlement Agreement meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure: (a) the Settlement Class is ascertainable and sufficiently numerous such that joinder of all members of the Settlement Class is impracticable; (b) there exist common questions of law and fact, including whether Defendant's allegedly printing of more than the last five (5) digits of credit and debit card numbers on consumer copies of electronically-printed paper receipts constitutes a violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681, *et seq*.; (c) the claim of Plaintiff Scott D.H. Redman is typical of the Class Members' claims; (d)

Plaintiff Scott D.H. Redman is an appropriate and adequate representative for the Settlement Class and his attorneys, Paul F. Markoff and Karl G. Leinberger, are adequate and qualified to serve as Class Counsel; (e) common questions of law and fact predominate over any questions affecting only individual Class Members; and (f) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members;

3. The proposed settlement is within the range of fairness and reasonableness and meets the requirements for preliminary approval;

4. The proposed settlement was negotiated at arm's length by experienced attorneys familiar with the legal and factual issues in this case; and,

5. The notice to the Settlement Class proposed in the Settlement Agreement is the best practicable notice under the circumstances, is the only notice to the Class Members that is required and such notice satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B).

**THEREFORE, IT IS HEREBY ORDERED:**

A. That all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

B. That, pursuant to Fed. R. Civ. P. 23 and for settlement purposes only, the Settlement Agreement is preliminarily approved;

C. That the following Settlement Class is certified for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons who, from November 4, 2011 through November 7, 2013, paid by credit or debit card for a movie ticket(s) or gift card(s) at the Navy Pier IMAX Theater ("Theater") box office in Chicago, Illinois or for a movie ticket(s) or gift card(s) online for pickup at the Theater box office in Chicago, Illinois and received a paper receipt at the Theater for the purchase.
>
> Specifically excluded from the Settlement Class are the following: (i) Defendant Releasees and their immediate family members; (ii) Class Counsel and their

2

immediate family members; and (iii) the judges who have presided over the Lawsuit and their immediate family members;

D. That for settlement purposes only, Paul F. Markoff and Karl G. Leinberger are hereby appointed as Class Counsel;

E. That Class Notice be implemented pursuant to the terms of the Settlement Agreement, and Class Counsel shall submit, at least five (5) business days prior to the Fairness Hearing, an affidavit affirming that notice has been so given;

F. That Class Members shall submit claims, opt out or comment in support of or in opposition to the proposed Settlement Agreement in the manner specified in the Settlement Agreement:

1. To submit a claim, a Class Member must (a) complete the Claim Form on the Settlement Website or (b) mail a completed Claim Form to the Class Settlement Administrator. Such Claim Forms must be submitted on the Settlement Website or post-marked (if mailed) by ninety (90) days from today's date (February 8, 2016). Any Class Member who submits a Claim Form shall be bound by the terms of this Settlement Agreement.

2. To opt out or exclude oneself from the settlement, a Class Member must (a) complete the appropriate form on the Settlement Website or (b) submit a written request to Class Counsel or the Class Settlement Administrator. In each case, the requester must provide his/her name, current address, date, signature (which may be electronic if on the Settlement Website) and a statement to the effect of "I want to be excluded from the *Redman v. IMAX Settlement*." Such requests must be submitted on the Settlement Website or post-marked (if mailed) by ninety (90) days from today's date (February 8, 2016). Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement and not be entitled to any of its benefits.

3. To object, a Class Member must file with the Court a written objection that sets

3

forth the caption for this case (*Redman v. IMAX Chicago Theatre LLC*, No. 13 C 7892 (N.D. Ill.)) and states the objector's name, current address, date, signature and reasons for the objection.  Any objections must be filed with the Clerk of Court or via the Court's CM/ECF System by ninety (90) days from today's date (February 8, 2016).  Any Class Member who exercises his or her right to object to this Settlement Agreement will be responsible for his or her own attorneys' fees and costs.  Objectors should also submit a claim under the procedures set forth in paragraph F(1) above, pursuant to the authority of *Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 957 (7th Cir. 2013).

4. Any Settlement Class Member who desires to speak at the Fairness Hearing must first file a notice of intent to appear, as set forth in the Class Notice.

G. Class Counsel and Defendant's counsel shall have until five (5) business days prior to the Fairness Hearing to respond to objections, if any;

H. That Class Counsel shall file an initial petition for attorneys' fees and costs within twenty-one (21) days from today, and if Defendant contests Class Counsel's fee and cost petition, it shall respond to the petition within forty-nine (49) days from today, and Class Counsel shall thereafter have fourteen (14) days to reply;

I. That a Fairness Hearing on the fairness and reasonableness of the proposed Settlement Agreement shall be held before this Court on March 1, 2016 at 10:00 a.m. or such later date and time as the Court may set.  The date of the Fairness Hearing may be changed without further notice to the Settlement Class except by notification on the Court's ECF system and posting on the settlement website;

J. Dahl Administration, LLC is appointed Class Settlement Administrator.

K. The Settlement Agreement and the proceedings and statements made pursuant to

the Settlement Agreement or papers filed relating to the Settlement Agreement and this Order, are not and shall not in any event be construed, deemed, used, offered or received as evidence of an admission, concession, or evidence of any kind by any Person or entity with respect to: (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in this matter or in any other civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiff. Notwithstanding, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

L.     The certification of the Settlement Class shall be binding only with respect to the Settlement of this matter.  In the event that the Settlement Agreement fails to become effective, is overturned on appeal, or does not become final for any reason, the Parties shall be restored to their respective positions in the Action as of the day before the signing of the Agreement, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED.**

*[signature: Daniel G. Martin]*

Magistrate Judge Daniel G. Martin

11/10/2015